Receipt number AUSFCC-8299389

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| 1. | Acklin, Angelica | |
| 2. | Adams, Rusty | Case No. |
| 3. | Adams, Willie | Judge: _____ 22-1638 C _____ |
| 4. | Allison, Kimberly | |
| 5. | Anglin, Casey | |
| 6. | Austin, Talekia | |
| 7. | Baker, Leland | |
| 8. | Ball-Ivy, Vernita | |
| 9. | Bates, Cleon | |
| 10. | Bates, Stanley | |
| 11. | Beck, David Jr. | |
| 12. | Bell, Brittany | |
| 13. | Bennett, Jeffrey | |
| 14. | Bonneau, William III | |
| 15. | Branch, Dominique | |
| 16. | Brown, Darious | |
| 17. | Brown, Frederick | |
| 18. | Bryant, Heather | |
| 19. | Burns, Thomas | |
| 20. | Cano, Javier | |
| 21. | Cargile, Chrystal | |
| 22. | Carpenter, Jennifer | |
| 23. | Chaney, Crystal | |
| 24. | Cockrell, Katy | |
| 25. | Cockrell, Shay | |
| 26. | Cole, Felecia | |

27.     Collett, Jacob

28.     Cousette, DeAnna

29.     Daniel, MiJayla

30.     Daniels, Phenicia

31.     Davis, Jessica

32.     Davis, Joseph Jr.

33.     Davis, Ronnie

34.     Davis, Sarah

35.     Dent, Darineya

36.     Dixon, Josh

37.     Donoho, Maginn

38.     Donoho, Tyler

39.     Eddins, Tiara

40.     Ellison, Meyetta

41.     Elrod, Justin

42.     Etheridge, Elizabeth

43.     Evans, Jason

44.     Fair, John

45.     Fair, Kimberly

46.     Fason, Victoria

47.     Fenderson, Latasha

48.     Fincher, Jennifer

49.     Flowers, Leopold Jr.

50.     Fountain, Kadesha

51.     Frederick, Brittany

52.     Garrett, Keneisha

53.     Garrett, Larissa

54.     Gilliam, Brandi

55.     Gipson, MiaGracia

56.     Golden, Hannah

57.     Golden, Kaidd

58.     Gray, Caleb

59.     Hall, Stephen

60.     Harris, Fredrick

61.     Harris, Keiwan

62.     Harris, Sophia

63.     Hart, Jeff

64.     Hemby, Sarah

65.     Herron, John

66.     Hill, Jason

67.     Hinton, Arnell

68.     Hinton, Jessica

69.     Hinton, MaShanta

70.     Holdiness, James

71.     Holler, Bruce Jr.

72.     Ike, Whittney

73.     Ingram, Demetrice

74.     Isaac, Whitney

75.     Jackson, Melissa

76.     Jackson, Whitney

77.     Jenkins, Joshlyn

78.     Jenkins, Robert

79.     Jenkins, Xavier

80.     Johnson, Ebony C.

81.    Johnson, Ebony L.

82.    Johnson, E'Twana

83.    Johnson, Kermit

84.    Johnson, Phillip

85.    Jones, Mason

86.    Karg, Brian

87.    Kinney, Jade

88.    Lambert, Jasmine

89.    Lanier, Latosha

90.    Lee, Billy

91.    Lewis, Dewayne

92.    Little, Shemekia

93.    Marshall, Walter

94.    Matos, Alejandro III

95.    Mayfield, Gary

96.    Mayo, Shari

97.    McCrackin, Brennan

98.    McKay, John

99.    McLaughlin, Kyle

100.    Medley, Rachel

101.    Mickens, Freddie

102.    Moore, Justin

103.    Morant, Laura

104.    Morning, Mario

105.    Nabors, Fontella

106.    Nicholson, LaRanda

107.    Orr, Jason

108.    Pearson, Ivy

109.    Phillips, Thomas

110.    Pope, Cassundra

111.    Preer, Christopher

112.    Price, Delricko

113.    Reed, Sabrina

114.    Robinson, Earwin

115.    Rogers, Michelle

116.    Roulhac, Twyla

117.    Scott, Antwoin

118.    Sealy, Chase

119.    Shaffer, Lawrence

120.    Smith, Ashley

121.    Smith, LaDavian

122.    Sparks, Brian

123.    Speight, Kimberlin

124.    Speight, Kynard

125.    Spencer, Jhrron

126.    Spicer, Tonya

127.    Stafford, Mishika

128.    Sterling, Shyniece

129.    Strawter, Makeldric

130.    Strickland, Joffrey

131.    Sullivan, Jason

132.    Tennyson, Joseph

133.    Tennyson, Robert

134.    Toothman, William

135.    Turner, Bryant

136.    Unruh, Brent

137.    Walker, Christopher

138.    Walker, Jeffery

139.    Walters, Adina

140.    Washington, Joey

141.    Weston, Matthew

142.    Wheatley, Josh

143.    Williams, Brianna

144.    Williams, Brittany

145.    Williams, Jessica

146.    Williams, Kendell

147.    Williamson, Billy

148.    Willis, Rayon

149.    Zezulka, Lauren

150.    Zylstra, Jason


Plaintiffs,


v.


THE UNITED STATES

Defendant

## COMPLAINT

1.      The plaintiffs are current and former employees employed by the defendant United States Government at the U.S. Department of Justice, Bureau of Prisons, at the Federal Correctional Institution ("FCI") Aliceville in Aliceville, Alabama (hereinafter "FCI Aliceville" or "Institution").  Plaintiffs bring this action for a declaratory judgment, damages and other relief, pursuant to 29 U.S.C. § 216(b), 29 U.S.C. § 1331, 28 U.S.C. § 1346(a)(2) and 1491, 5 U.S.C. §§ 5545(d), 5343(c)(4), 5596 (the Back Pay Act), and the overtime provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207, to remedy the defendant's willful and unlawful violations of law complained of herein.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1346(a)(2), 28 U.S.C. § 1491, 28 U.S.C. § 1331, 29 U.S.C. § 216(b), 5 U.S.C. § 5545(d), 5 U.S.C. § 5343(c)(4), 5 U.S.C. § 5596, and 28 U.S.C. § 2501.  Venue is proper pursuant to 28 U.S.C. § 1402.

## PARTIES

3.      Plaintiff Angelica Acklin is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed with the USDA.  However, prior to December 4, 2021, plaintiff Acklin was employed as a General Schedule Correctional Treatment Specialist, GS-11, Step 3, at FCI Aliceville.  At various times within the last six years, plaintiff Acklin has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Acklin is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Acklin worked in the Camp and the B housing unit at FCI Aliceville.  Additionally, her position as former Union president required her to enter designated

quarantine units.  Plaintiff Acklin's augmented position as a Compound officer required her to escort COVID-positive inmates from the housing units to the quarantine units and from Receiving & Discharge to the housing units.  Plaintiff Acklin also served on the Strike Team, which required staff to feed and shower the inmates in the quarantine units.  She was also given the duty of passing out feminine hygiene products to the inmates.  Plaintiff Acklin worked multiple overtime shifts, where she was further exposed to the novel corona virus.  Plaintiff Acklin received at least one memo advising her of possible or actual exposure to the novel corona virus.

4.      Plaintiff Rusty Adams is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade HVAC Technician, WS-9, Step 5, at FCI Aliceville.  At various times within the last six years, plaintiff Adams has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Adams is entitled to "environmental differential pay" for each such day.  At all times relevant herein, plaintiff Adams worked in the A-1, A-2, B-2, C-2, and C-4, along with the Compound and the Special Housing Unit at FCI Aliceville.  The C-4 housing unit and the Special Housing Unit were both designated quarantine areas.  Plaintiff Adams's position as a Compound officer required him to escort COVID-positive inmates from the housing units to the quarantine units and from Receiving & Discharge to the housing units. Plaintiff Adams also served on the Strike Team, which required staff to feed and shower the inmates in the quarantine units.  Plaintiff Adams worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Adams never received any memos advising him of possible or actual exposure to the novel corona virus.

5.      Plaintiff Willie Adams is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-8, Step 5, at FCI Aliceville.  At various times within the last six years, plaintiff Adams has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Adams is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Adams worked in the C-3 and C-4 housing units at FCI Aliceville, along the Special Housing Unit.  All 3 of these units were designated quarantine areas.  Plaintiff Adams was given the responsibility of feeding inmates and passing out feminine hygiene products.  Plaintiff Adams received at least one memo advising him of possible or actual exposure to the novel corona virus.

6.      Plaintiff Kimberly Allison is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Unit Secretary, GS-6, Step 3, at FCI Aliceville.  At various times within the last six years, plaintiff Allison has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Allison is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Allison worked in the Camp (Delta and Echo Units) and the Alpha, Bravo, and Charlie housing units at FCI Aliceville, along with the Special Housing Unit.  The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas.  Additionally, plaintiff Allison was assigned to a unit while it was designated as "Quarantine in Place." Plaintiff Allison's position as a Compound officer required her to escort COVID-positive inmates from the housing units to the quarantine units and from Receiving & Discharge to the

housing units.  Additionally, plaintiff Allison was given the responsibility of distributing feminine hygiene products to the inmates.  As of today (2022), plaintiff Allison is still working in designated quarantine and/or isolation units.  Plaintiff Allison never received any memos advising her of possible or actual exposure to the novel corona virus, and plaintiff Allison contracted COVID-19.

7.    Plaintiff Casey Anglin is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Utility Systems Repairer Operator Supervisor, WS-8, Step 2, at FCI Aliceville.  At various times within the last six years, plaintiff Anglin has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Anglin is entitled to "environmental differential pay" for each such day.  At all times relevant herein, plaintiff Anglin worked in the Camp (Delta and Echo Units) and the Alpha, Bravo, and Charlie housing units at FCI Aliceville, along with the Special Housing Unit.  The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas.  Additionally, plaintiff Anglin was assigned to a unit while it was designated as "Quarantine in Place."  Plaintiff Anglin worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Anglin received at least one memo advising him of possible or actual exposure to the novel corona virus.

8.    Plaintiff Talekia Austin is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a Wage Grade Cook Foreman, WS-8, Step 5, at FCI Aliceville.  At various times within the last six years, plaintiff Austin has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4),

and therefore, as detailed below, plaintiff Austin is entitled to "environmental differential pay" for each such day.  At all times relevant herein, plaintiff Austin worked in the A-4 housing unit at FCI Aliceville.  Additionally, plaintiff Austin was given the responsibility of feeding the inmates.  Plaintiff Austin worked multiple overtime shifts, where she was further exposed to the novel corona virus.  Plaintiff Austin received at least one phone call advising her of possible or actual exposure to the novel corona virus, and plaintiff Austin contracted COVID-19 from a co-worker, which caused her to miss over a month of work and also caused ongoing health challenges that persist to this day.

9.    Plaintiff Leland Baker is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Cook Foreman, WS-8, Step 3, at FCI Aliceville.  At various times within the last six years, plaintiff Baker has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Baker is entitled to "environmental differential pay" for each such day.  At all times relevant herein, plaintiff Baker worked in kitchen at FCI Aliceville, which every inmate had to pass through to eat.  Plaintiff Baker was given the responsibility of feeding the inmates.  Plaintiff Baker worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  Plaintiff Baker received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Baker contracted COVID-19.

10.    Plaintiff Vernita Ball-Ivey is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 5, at FCI Aliceville.  Prior to August 19,

2022, plaintiff Ball-Ivey was employed as a General Schedule Senior Correctional Officer/Acting Captain's Secretary, GS-7, Step 5, at FCI Aliceville.  At various times within the last six years, plaintiff Ball-Ivey has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Ball-Ivey is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Ball-Ivy worked in the Special Housing Unit at FCI Aliceville.  The Special Housing Unit was a designated quarantine area.  It is also the area of the prison where incoming prisoners were received following screening.  Plaintiff Ball-Ivy's position as a Compound officer required her to escort COVID-positive inmates from the housing units to the quarantine units and from Receiving & Discharge to the housing units, and her position as a Strike Team officer required her to feed and shower the inmates in the quarantine units.  Additionally, plaintiff Ball-Ivy was given the responsibility of distributing feminine hygiene products to the inmates.  Plaintiff Ball-Ivy worked multiple overtime shifts, where she was further exposed to the novel corona virus.  Plaintiff Ball-Ivy never received any memos advising her of possible or actual exposure to the novel corona virus, and plaintiff Ball-Ivy contracted COVID-19.

11.    Plaintiff Cleon Bates is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 8, at FCI Aliceville.  At various times within the last six years, plaintiff Bates has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Bates is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Bates worked in all housing units at FCI Aliceville, along with the Special Housing Unit.  The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine

areas.  Additionally, plaintiff Bates was assigned to a unit while it was designated as "Quarantine in Place."  Plaintiff Bates's duties as Union President required him to enter all of the quarantine and isolation areas to check on employees and ensure that proper PPE was being provided. Plaintiff Bates's position as a Compound officer required him to escort COVID-positive inmates from the housing units to the quarantine units and from Receiving & Discharge to the housing units, and his position as a Strike Team officer required him to feed and shower the inmates in the quarantine units.  Additionally, plaintiff Bates was given the responsibility of distributing feminine hygiene products to the inmates.  Plaintiff Bates worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  As of today (2022), plaintiff Bates is still working in isolation and/or quarantine units.  Plaintiff Bates received at least one memo advising him of possible or actual exposure to the novel corona virus.

12.    Plaintiff Stanley Bates is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Recreation Specialist, GS-9, Step 8, at FCI Aliceville.  At various times within the last six years, plaintiff Bates has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Bates is entitled to "hazardous duty pay" for each such day.  Plaintiff Cleon Bates is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 8, at FCI Aliceville.  At various times within the last six years, plaintiff Bates has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Bates is entitled to "hazardous duty pay" for

each such day.  At all times relevant herein, plaintiff Bates worked in all housing units at FCI Aliceville, along with the Special Housing Unit.  The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas.  Additionally, plaintiff Bates was assigned to a unit while it was designated as "Quarantine in Place."  Plaintiff Bates's position as a Compound officer required him to escort COVID-positive inmates from the housing units to the quarantine units and from Receiving & Discharge to the housing units.  Additionally, plaintiff Bates was given the responsibility of feeding the inmates and distributing feminine hygiene products to the inmates.  Plaintiff Bates worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  As of today (2022), plaintiff Bates is still working in isolation and/or quarantine units.  Plaintiff Bates never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Bates contracted COVID-19.

13.    Plaintiff David Beck, Jr. is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 4, at FCI Aliceville.  Prior to February 2022, plaintiff Beck was employed as a General Schedule Senior Correctional Officer, GS-7, Step 3, at FCI Aliceville.  At various times within the last six years, plaintiff Beck has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Beck is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Beck worked in the A-1 and A-2 housing units at FCI Aliceville, along with the Special Housing Unit.  The Special Housing Unit was a designated quarantine area.  Additionally, plaintiff Beck was assigned to a unit while it was designated as "Quarantine in Place."  Plaintiff Beck's duties as a Union steward required

him to enter all of the quarantine and isolation areas to check on employees and ensure that proper PPE was being provided.  Plaintiff Beck worked overtime as a Compound officer, which required him to escort COVID-positive inmates from the housing units to the quarantine units and from Receiving & Discharge to the housing units.  Additionally, plaintiff Beck was given the responsibility of feeding the inmates and distributing feminine hygiene products to the inmates.  Plaintiff Beck worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  As of today (2022), plaintiff Beck is still working in isolation and/or quarantine units.  Plaintiff Beck never received any memos advising him of possible or actual exposure to the novel corona virus.

14.    Plaintiff Brittany Bell is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Reentry Affairs Coordinator, GS-11, Step 6, at FCI Aliceville.  At various times within the last six years, plaintiff Bell has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Bell is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Bell worked in all housing units at FCI Aliceville, along with the Special Housing Unit. The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas. Additionally, plaintiff Bell was assigned to a unit while it was designated as "Quarantine in Place."  Plaintiff Bell's position as a Compound officer required her to escort COVID-positive inmates from the housing units to the quarantine units and from Receiving & Discharge to the housing units, and her position as a Strike Team officer required her to feed and shower the inmates in the quarantine units.  Additionally, plaintiff Bell was given the responsibility of distributing feminine hygiene products to the inmates.  Plaintiff Bell worked overtime in

hospitals and performing prisoner transportation, where she was further exposed to the novel corona virus. As of today (2022), plaintiff Bell is still working in isolation and/or quarantine units. Plaintiff Bell never received any memos advising her of possible or actual exposure to the novel corona virus, and plaintiff Bell contracted COVID-19.

15.   Plaintiff Jeffrey Bennett is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Correctional Officer, GS-5, Step 1, at FCI Aliceville. At various times within the last six years, plaintiff Bennett has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Bennett is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Bennett worked in the Alpha (1-4), Bravo (1-4) and Charlie (1-3) housing units at FCI Aliceville. The C-3 housing unit was a designated quarantine area. Additionally, plaintiff Bennett was assigned to a unit while it was designated as "Quarantine in Place." Plaintiff Bennett was given the responsibility of feeding the inmates and distributing feminine hygiene products to the inmates. Plaintiff Bennett worked multiple overtime shifts, where he was further exposed to the novel corona virus. Plaintiff Bennett never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Bennett contracted COVID-19.

16.   Plaintiff William Bonneau, III is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 8, at FCI Aliceville. At various times within the last six years, plaintiff Bonneau has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as

detailed below, plaintiff Bonneau is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Bonneau worked in all housing units at FCI Aliceville, along with the Special Housing Unit.  The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas.  Additionally, plaintiff Bonneau was assigned to a unit while it was designated as "Quarantine in Place."  Plaintiff Bonneau's position as a Compound officer required him to escort COVID-positive inmates from the housing units to the quarantine units and from Receiving & Discharge to the housing units.  Plaintiff Bonneau was also given the responsibility of feeding the inmates and distributing feminine hygiene products to the inmates.  Plaintiff Bonneau worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  As of today (2022), plaintiff Bonneau is still working in isolation and/or quarantine units.  Plaintiff Bonneau received at least one memo advising him of possible or actual exposure to the novel corona virus.

17.    Plaintiff Dominique Branch is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Financial Program Specialist, GS-9, Step 1, at FCI Aliceville.  At various times within the last six years, plaintiff Branch has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Branch is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Branch worked in multiple housing units at FCI Aliceville, including the designated quarantine areas.  Additionally, plaintiff Branch was assigned to a unit while it was designated as "Quarantine in Place."  Plaintiff Branch was given the responsibility of feeding the inmates and distributing feminine hygiene products to the inmates.  Plaintiff Branch worked multiple overtime shifts, where she was further exposed to the novel corona

virus.  As of today (2022), plaintiff Branch is still working in isolation and/or quarantine units. Plaintiff Branch received at least one memo advising her of possible or actual exposure to the novel corona virus.

18.    Plaintiff Darious Brown is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Budget Analyst, GS-7, Step 4, at FCI Aliceville.  At various times within the last six years, plaintiff Brown has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Brown is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Brown worked in the Alpha, Bravo, and Charlie housing units at FCI Aliceville, along with the Special Housing Unit.  The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas.  Plaintiff Brown's position as a Strike Team officer required him to feed and shower the inmates in the quarantine units.  Additionally, Plaintiff Brown was given the responsibility of distributing feminine hygiene products to the inmates. Plaintiff Brown worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Brown received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Brown contracted COVID-19.

19.    Plaintiff Frederick Brown is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Material Handler Supervisor, WS-3, Step 3, at FCI Aliceville.  At various times within the last six years, plaintiff Brown has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Brown is entitled to "environmental differential pay"

for each such day.  At all times relevant herein, plaintiff Brown worked in the C-3 and C-4 housing units at FCI Aliceville, both of which were designated quarantine areas.  Plaintiff Brown's position as a Material Handler Supervisor required him to provide clothing and take sizes for incoming inmates.  He also had to go into every cell in the Institution to exchange soiled clothing and bedding, including removing clothing from inmate cells after the inmate had tested positive for COVID-19.  Plaintiff Brown also delivered commissary items to all housing units at the Institution.  Additionally, Plaintiff Brown was given the responsibility of feeding the inmates and distributing feminine hygiene products to the inmates.  Plaintiff Brown never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Brown contracted COVID-19.

20.    Plaintiff Heather Bryant is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Camp Secretary, GS-6, Step 7, at FCI Aliceville.  At various times within the last six years, plaintiff Bryant has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Bryant is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Bryant worked in the Camp and the C housing unit at FCI Aliceville, along with the Special Housing Unit.  The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas.  Additionally, plaintiff Bryant was assigned to a unit while it was designated as "Quarantine in Place."  Plaintiff Bryant was also given the responsibility of feeding the inmates and distributing feminine hygiene products to the inmates.  Plaintiff Bryant worked multiple overtime shifts, where she was further exposed to the novel corona virus.  As of today (2022), plaintiff Bryant is still working in isolation and/or quarantine units.  Plaintiff

Bryant received at least one memo advising her of possible or actual exposure to the novel corona virus.

21.    Plaintiff Thomas Burns is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Systems Officer, GS-8, Step 7, at FCI Aliceville.  At various times within the last six years, plaintiff Burns has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Burns is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Burns worked in the B-3, B-4, C-3, and C-4 housing units at FCI Aliceville, along with the Special Housing Unit.  The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas.  Plaintiff Burns's position in Receiving & Discharge required him to have direct contact with all incoming inmates, including strip searches, fingerprinting, and searching of the inmates' mouths for contraband.  Additionally, plaintiff Burns's position as a Compound officer required him to escort COVID-positive inmates from the housing units to the quarantine units and from Receiving & Discharge to the housing units, and his position as a Strike Team officer required him to feed and shower the inmates in the quarantine units.  Plaintiff Burns was also given the responsibility of distributing feminine hygiene products to the inmates.  Plaintiff Burns worked multiple overtime shifts, where he was further exposed to the novel corona virus.  As of today (2022), plaintiff Burns is still working in isolation and/or quarantine units.  Plaintiff Burns never received any memos advising him of possible or actual exposure to the novel corona virus.

22.    Plaintiff Javier Cano is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General

Schedule Case Manager, GS-11, Step 10, at FCI Aliceville.  At various times within the last six years, plaintiff Cano has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Cano is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Cano worked in the A, B, and C housing units at FCI Aliceville, along with the Special Housing Unit.  The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas.  Additionally, plaintiff Cano was assigned to a unit while it was designated as "Quarantine in Place."  As a member of the Unit Team, plaintiff Cano was in contact with incoming inmates as soon as they completed processing through R&D.  Plaintiff Cano's position as a Compound officer required him to escort COVID-positive inmates from the housing units to the quarantine units and from Receiving & Discharge to the housing units, and his position as a Strike Team officer required him to feed and shower the inmates in the quarantine units.  Additionally, plaintiff Cano was given the responsibility of distributing feminine hygiene products to the inmates.  Plaintiff Cano worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  As of today (2022), plaintiff Cano is still working in isolation and/or quarantine units.  Plaintiff Cano never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Cano contracted COVID-19.

23.    Plaintiff Chrystal Cargile is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Recreation Specialist, GS-9, Step 8, at FCI Aliceville.  At various times within the last six years, plaintiff Cargile has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as

detailed below, plaintiff Cargile is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Cargile worked in multiple housing units at FCI Aliceville, including the designated quarantine areas.  Additionally, plaintiff Cargile was assigned to a unit while it was designated as "Quarantine in Place."  Plaintiff Cargile's position as a Strike Team officer required her to feed and shower the inmates in the quarantine units.  Additionally, plaintiff Cargile was given the responsibility of distributing feminine hygiene products to the inmates.  Plaintiff Cargile worked overtime in hospitals and performing prisoner transportation, where she was further exposed to the novel corona virus.  Plaintiff Cargile received at least one memo advising her of possible or actual exposure to the novel corona virus, and plaintiff Cargile contracted COVID-19.

24.    Plaintiff Jennifer Carpenter is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Correctional Officer, GS-6, Step 1, at FCI Aliceville.  At various times within the last six years, plaintiff Carpenter has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Carpenter is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Carpenter worked in the A-1, A-2, A-3, A-4, B-1, B-2, C-1, C-2, and C-3 housing units at FCI Aliceville.  The C-3 housing unit was a designated quarantine area.  Additionally, plaintiff Carpenter was assigned to a unit while it was designated as "Quarantine in Place."  Plaintiff Carpenter's position as a Compound officer required her to escort COVID-positive inmates from the housing units to the quarantine units and from Receiving & Discharge to the housing units.  Additionally, plaintiff Carpenter was given the responsibility of feeding the inmates.  Plaintiff Carpenter worked multiple overtime shifts, where she was further exposed to

the novel corona virus.  As of today (2022), plaintiff Carpenter is still working in isolation and/or quarantine units.  Plaintiff Carpenter never received any memos advising her of possible or actual exposure to the novel corona virus.

25.    Plaintiff Crystal Chaney is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Correctional Officer, GS-6, Step 2, at FCI Aliceville.  Prior to February 27, 2022, plaintiff Chaney was employed as a General Schedule Correctional Officer, GS-5, Step 1, at FCI Aliceville.  At various times within the last six years, plaintiff Chaney has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Chaney is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Chaney worked in the Camp and the Alpha, Bravo, and Charlie housing units at FCI Aliceville, along with the Special Housing Unit.  The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas.  Additionally, plaintiff Chaney was assigned to a unit while it was designated as "Quarantine in Place."  Plaintiff Chaney's position as a Compound officer required her to escort COVID-positive inmates from the housing units to the quarantine units and from Receiving & Discharge to the housing units.  Plaintiff Chaney's position in Receiving & Discharge required her to have direct contact with all incoming inmates, including strip searches, fingerprinting, and searching of the inmates' mouths for contraband.  Plaintiff Chaney was also given the responsibility of feeding the inmates and distributing feminine hygiene products to the inmates.  Plaintiff Chaney worked multiple overtime shifts, where she was further exposed to the novel corona virus.  As of today (2022), plaintiff Chaney is still working in isolation and/or

quarantine units. Plaintiff Chaney never received any memos advising her of possible or actual exposure to the novel corona virus, and plaintiff Chaney contracted COVID-19.

26.    Plaintiff Katy Cockrell is a former employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She was employed as a General Schedule Correctional Officer, GS-5, Step 1, from February 2021 through September 2021, at FCI Aliceville. At various times within the last six years, plaintiff Cockrell has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Cockrell is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Cockrell worked in all housing units at FCI Aliceville, including the designated quarantine areas. Additionally, plaintiff Cockrell was assigned to a unit while it was designated as "Quarantine in Place." Plaintiff Cockrell's position as a Compound officer required her to escort COVID-positive inmates from the housing units to the quarantine units and from Receiving & Discharge to the housing units, and her position as a Strike Team officer required her to feed and shower the inmates in the quarantine units. Plaintiff Cockrell was also given the responsibility of distributing feminine hygiene products to the inmates. Plaintiff Cockrell worked multiple overtime shifts, where she was further exposed to the novel corona virus. Plaintiff Cockrell never received any memos advising her of possible or actual exposure to the novel corona virus, and plaintiff Cockrell contracted COVID-19.

27.    Plaintiff Shay Cockrell is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a Wage Grade Maintenance Supervisor, WS-8, Step 5, at FCI Aliceville. At various times within the last six years, plaintiff Cockrell has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and

therefore, as detailed below, plaintiff Cockrell is entitled to "environmental differential pay" for each such day.  At all times relevant herein, plaintiff Cockrell worked in multiple housing units at FCI Aliceville, along with the Special Housing Unit.  The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas.  Additionally, plaintiff Cockrell was assigned to a unit while it was designated as "Quarantine in Place."  Plaintiff Cockrell's position as a Compound officer required him to escort COVID-positive inmates from the housing units to the quarantine units and from Receiving & Discharge to the housing units, and his position as a Strike Team officer required him to feed and shower the inmates in the quarantine units. Plaintiff Cockrell was also given the responsibility of distributing feminine hygiene products to the inmates.  Plaintiff Cockrell worked multiple overtime shifts, where he was further exposed to the novel corona virus.  As of today (2022), plaintiff Cockrell is still working in isolation and/or quarantine units.  Plaintiff Cockrell never received any memos advising him of possible or actual exposure to the novel corona virus.

28.    Plaintiff Felecia Cole is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Correctional Officer, GS-6, Step 2, at FCI Aliceville.  At various times within the last six years, plaintiff Cole has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Cole is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Cole worked in multiple housing units at FCI Aliceville, including the designated quarantine areas.  Additionally, plaintiff Cole was assigned to a unit while it was designated as "Quarantine in Place."  Plaintiff Cole's position as a Compound officer required her to escort COVID-positive inmates from the housing units to the quarantine units and from Receiving & Discharge

to the housing units, and her position as a Strike Team officer required her to feed and shower the inmates in the quarantine units.  Plaintiff Cole was also given the responsibility of distributing feminine hygiene products to the inmates.  Plaintiff Cole worked multiple overtime shifts, where she was further exposed to the novel corona virus.  As of today (2022), plaintiff Cole is still working in isolation and/or quarantine units.  Plaintiff Cole received at least one memo advising her of possible or actual exposure to the novel corona virus, and plaintiff Cole contracted COVID-19.

29.    Plaintiff Jacob Collett is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Counselor, GS-9, Step 7, at FCI Aliceville.  Prior to April 10, 2022, plaintiff Collett was employed as a General Schedule Correctional Officer, GS-8, Step 7, at FCI Aliceville.  At various times within the last six years, plaintiff Collett has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Collett is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Collett worked in the C-3 and C-4 housing units at FCI Aliceville, along with the Special Housing Unit.  The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas.  Additionally, plaintiff Collett was assigned to a unit while it was designated as "Quarantine in Place."  Plaintiff Collett's position as a Compound officer required him to escort COVID-positive inmates from the housing units to the quarantine units and from Receiving & Discharge to the housing units, and his position as a Strike Team officer required him to feed and shower the inmates in the quarantine units.  Plaintiff Collett's position in Receiving & Discharge required him to have direct contact with all incoming inmates, including strip searches, fingerprinting, and searching

of the inmates' mouths for contraband. Plaintiff Collett was also given the responsibility of distributing feminine hygiene products to the inmates. Plaintiff Collett worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus. As of today (2022), plaintiff Collett is still working in isolation and/or quarantine units. Plaintiff Collett never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Collett contracted COVID-19.

30.     Plaintiff DeAnna Cousette is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Correctional Counselor, GS-9, Step 6, at FCI Aliceville. Prior to January 3, 2021, plaintiff Cousette was employed as a General Schedule Senior Officer Specialist, GS-8, Step 6, at FCI Aliceville. At various times within the last six years, plaintiff Cousette has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Cousette is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Cousette worked in the A-1, A-3, B-2, B-3, C-3, and C-4 housing units at FCI Aliceville, along with the Special Housing Unit. The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas. Additionally, plaintiff Cousette was assigned to a unit while it was designated as "Quarantine in Place." Plaintiff Cousette's position as a Strike Team officer required her to feed and shower the inmates in the quarantine units. Her position as a member of the Unit Team brought her into contact with all incoming inmates after they were processed. Plaintiff Cousette was also given the responsibility of distributing feminine hygiene products to the inmates. Plaintiff Cousette worked multiple overtime shifts, where she was further exposed to the novel corona virus. As of today (2022), plaintiff Cousette is still working in isolation and/or

quarantine units.  Plaintiff Cousette received at least one memo advising her of possible or actual exposure to the novel corona virus.

31.    Plaintiff MiJayla Daniel is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Social Worker, GS-11, Step 1, at FCI Aliceville.  At various times within the last six years, plaintiff Daniel has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Daniel is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Daniel worked in the C-3 housing unit at FCI Aliceville, which was a designated quarantine area.  Additionally, plaintiff Daniel was assigned to a unit while it was designated as "Quarantine in Place."  Plaintiff Daniel's position as a Strike Team officer required her to feed and shower the inmates in the quarantine units.  Plaintiff Daniel worked overtime in hospitals and performing prisoner transportation, where she was further exposed to the novel corona virus. Plaintiff Daniel received at least one memo advising her of possible or actual exposure to the novel corona virus, and plaintiff Daniel contracted COVID-19.

32.    Plaintiff Phenicia Daniels is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Medication Technician, GS-6, Step 2, at FCI Aliceville.  At various times within the last six years, plaintiff Daniels has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Daniels is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Daniels worked in all housing units at FCI Aliceville, including the designated quarantine areas.  Additionally, plaintiff Daniels was assigned to a unit while it

was designated as "Quarantine in Place."  Plaintiff Daniels assisted in Receiving & Discharge, which required her to have direct contact with all incoming inmates, including strip searches, fingerprinting, and searching of the inmates' mouths for contraband.  Plaintiff Daniels worked multiple overtime shifts, where she was further exposed to the novel corona virus.  Plaintiff Daniels never received any memos advising her of possible or actual exposure to the novel corona virus, and plaintiff Daniels contracted COVID-19.

33.    Plaintiff Jessica Davis is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Food Services Administrative Assistant, GS-7, Step 10, at FCI Aliceville.  At various times within the last six years, plaintiff Davis has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Davis is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Davis worked in multiple housing units at FCI Aliceville, including the designated quarantine areas.  Additionally, plaintiff Davis was assigned to a unit while it was designated as "Quarantine in Place."  Plaintiff Davis's position as a Strike Team officer required her to feed and shower the inmates in the quarantine units.  Plaintiff Davis was also given the responsibility of distributing feminine hygiene products to the inmates.  During the pandemic (and currently), inmates had to be provided with three (3) meals daily, regardless of quarantine or isolation status.  Plaintiff Davis worked alongside COVID-positive inmates and staff to ensure that meals were provided.  Plaintiff Davis worked multiple overtime shifts, where she was further exposed to the novel corona virus.  As of today (2022), plaintiff Davis is still working in isolation and/or quarantine units.  Plaintiff Davis received at least one memo advising

her of possible or actual exposure to the novel corona virus, and plaintiff Davis contracted

COVID-19, which required hospitalization.

34.    Plaintiff Joseph Davis, Jr. is an employee of Defendant United States of America

pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage

Grade Cook Supervisor, WS-8, Step 5, at FCI Aliceville.  At various times within the last six

years, plaintiff Davis has been required to perform duties involving unusually severe working

conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and

therefore, as detailed below, plaintiff Davis is entitled to "environmental differential pay" for

each such day.  At all times relevant herein, plaintiff Davis worked in multiple housing units at

FCI Aliceville, including the designated quarantine areas.  Additionally, plaintiff Davis was

assigned to a unit while it was designated as "Quarantine in Place."  Plaintiff Davis's position as

a Compound officer required him to escort COVID-positive inmates from the housing units to

the quarantine units and from Receiving & Discharge to the housing units.  Plaintiff Davis was

also given the responsibility of feeding the inmates and distributing feminine hygiene products to

the inmates.  Plaintiff Davis worked overtime in hospitals and performing prisoner

transportation, where he was further exposed to the novel corona virus.  Plaintiff Davis received

at least one memo advising him of possible or actual exposure to the novel corona virus, and

plaintiff Davis contracted COVID-19.

35.    Plaintiff Ronnie Davis is an employee of Defendant United States of America pursuant

to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade

General Maintenance Supervisor, WS-8, Step 3, at FCI Aliceville.  At various times within the

last six years, plaintiff Davis has been required to perform duties involving unusually severe

working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4),

and therefore, as detailed below, plaintiff Davis is entitled to "environmental differential pay" for each such day.  Additionally, prior to August of 2020, plaintiff Davis was employed as a General Schedule Correctional Systems Officer, GS-8, Step 7, at FCI Aliceville.  At various times within the last six years, plaintiff Davis has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Davis is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Davis worked in multiple housing units at FCI Aliceville, including the designated quarantine areas.  Additionally, plaintiff Davis was assigned to a unit while it was designated as "Quarantine in Place."  Plaintiff Davis's position as a Compound officer required him to escort COVID-positive inmates from the housing units to the quarantine units and from Receiving & Discharge to the housing units, and his position as a Strike Team officer required him to feed and shower the inmates in the quarantine units.  Plaintiff Davis's position in Receiving & Discharge required him to have direct contact with all incoming inmates, including strip searches, fingerprinting, and searching of the inmates' mouths for contraband.  Plaintiff Davis was also given the responsibility of distributing feminine hygiene products to the inmates.  Plaintiff Davis worked multiple overtime shifts, where he was further exposed to the novel corona virus.  As of today (2022), plaintiff Davis is still working in isolation and/or quarantine units.  Plaintiff Davis received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Davis contracted COVID-19.

36.    Plaintiff Sarah Davis is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Health Information Technician, GS-7, Step 10, at FCI Aliceville.  Prior to December of 2021, plaintiff Davis was employed as a General Schedule Health Services Assistant, GS-7, Step

10, at FCI Aliceville.  At various times within the last six years, plaintiff Davis has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Davis is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Davis worked in multiple housing units at FCI Aliceville, including the designated quarantine areas.  Additionally, plaintiff Davis was assigned to a unit while it was designated as "Quarantine in Place."  Plaintiff Davis was also given the responsibility of feeding the inmates and distributing feminine hygiene products to the inmates.  Plaintiff Davis worked multiple overtime shifts, where she was further exposed to the novel corona virus.  As of today (2022), plaintiff Davis is still working in isolation and/or quarantine units.  Plaintiff Davis never received any memos advising her of possible or actual exposure to the novel corona virus.

37.    Plaintiff Darineya Dent is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 4, at FCI Aliceville.  Prior to July 2022, plaintiff Dent was employed as a General Schedule Senior Correctional Officer, GS-7, Step 3, at FCI Aliceville.  At various times within the last six years, plaintiff Dent has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Dent is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Dent worked in the Alpha, Bravo, and Charlie housing units at FCI Aliceville, along with the Special Housing Unit.  The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas.  Additionally, plaintiff Dent was assigned to a unit while it was designated as "Quarantine in Place."  Plaintiff Dent's position in Receiving & Discharge required her to have direct contact with all incoming

inmates, including strip searches, fingerprinting, and searching of the inmates' mouths for contraband. Plaintiff Dent's position as a Compound officer required her to escort COVID-positive inmates from the housing units to the quarantine units and from Receiving & Discharge to the housing units. Plaintiff Dent was also given the responsibility of feeding the inmates and distributing feminine hygiene products to the inmates. Plaintiff Dent worked overtime in hospitals and performing prisoner transportation, where she was further exposed to the novel corona virus. As of today (2022), plaintiff Dent is still working in isolation and/or quarantine units. Plaintiff Dent never received any memos advising her of possible or actual exposure to the novel corona virus, and plaintiff Dent contracted COVID-19.

38.    Plaintiff Josh Dixon is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Correctional Systems Officer, GS-8, Step 7, at FCI Aliceville. At various times within the last six years, plaintiff Dixon has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Dixon is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Dixon worked in all housing units at FCI Aliceville, along with the Special Housing Unit. The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas. Additionally, plaintiff Dixon was assigned to a unit while it was designated as "Quarantine in Place." Plaintiff Dixon's position in Receiving & Discharge required him to have direct contact with all incoming inmates, including strip searches, fingerprinting, and searching of the inmates' mouths for contraband. Plaintiff Dixon's position as a Compound officer required him to escort COVID-positive inmates from the housing units to the quarantine units and from Receiving & Discharge to the housing units, and his position as a Strike Team officer

required him to feed and shower the inmates in the quarantine units.  Plaintiff Dixon was also

given the responsibility of distributing feminine hygiene products to the inmates.  Plaintiff Dixon

worked overtime in hospitals and performing prisoner transportation, where he was further

exposed to the novel corona virus.  As of today (2022), plaintiff Dixon is still working in

isolation and/or quarantine units.  Plaintiff Dixon received at least one memo advising him of

possible or actual exposure to the novel corona virus.

39.    Plaintiff Maginn Donoho is an employee of Defendant United States of America

pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a

General Schedule Correctional Systems Officer, GS-8, Step 6, at FCI Aliceville.  At various

times within the last six years, plaintiff Donoho has been required to perform duties involving

unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore,

as detailed below, plaintiff Donoho is entitled to "hazardous duty pay" for each such day.  At all

times relevant herein, plaintiff Donoho worked in the C-3 and C-4 housing units at FCI

Aliceville, along with the Special Housing Unit.  The C-3 and C-4 housing units and the Special

Housing Unit were designated quarantine areas.  Additionally, plaintiff Donoho was assigned to

a unit while it was designated as "Quarantine in Place."  Plaintiff Donoho's position as a Strike

Team officer required her to feed and shower the inmates in the quarantine units.  Plaintiff

Donoho was also given the responsibility of distributing feminine hygiene products to the

inmates.  Plaintiff Donoho worked overtime in hospitals and performing prisoner transportation,

where she was further exposed to the novel corona virus.  As of today (2022), plaintiff Donoho is

still working in isolation and/or quarantine units.  Plaintiff Donoho never received any memos

advising her of possible or actual exposure to the novel corona virus, and plaintiff Donoho

contracted COVID-19.

40.    Plaintiff Tyler Donoho is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Electronics Technician, GS-11, Step 5, at FCI Aliceville.  At various times within the last six years, plaintiff Donoho has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Donoho is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Donoho worked in all housing units at FCI Aliceville, along with the Special Housing Unit.  The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas.  Additionally, plaintiff Donoho was assigned to a unit while it was designated as "Quarantine in Place."  Plaintiff Donoho's position as a Compound officer required him to escort COVID-positive inmates from the housing units to the quarantine units and from Receiving & Discharge to the housing units, and his position as a Strike Team officer required him to feed and shower the inmates in the quarantine units.  Plaintiff Donoho was also given the responsibility of distributing feminine hygiene products to the inmates.  Plaintiff Donoho worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  As of today (2022), plaintiff Donoho is still working in isolation and/or quarantine units.  Plaintiff Donoho received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Donoho contracted COVID-19.

41.    Plaintiff Tiara Eddins is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Correctional Officer, GS-6, Step 2, at FCI Aliceville.  At various times within the last six years, plaintiff Eddins has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below,

plaintiff Eddins is entitled to "hazardous duty pay" for each such day.  At all times relevant

herein, plaintiff Eddins worked in the B-1, C-3, and C-4 housing units at FCI Aliceville.  The C-

3 and C-4 housing units were designated quarantine areas.  Additionally, plaintiff Eddins was

assigned to a unit while it was designated as "Quarantine in Place."  Plaintiff Eddins's position

as a Compound officer required her to escort COVID-positive inmates from the housing units to

the quarantine units and from Receiving & Discharge to the housing units.  Plaintiff Eddins was

also given the responsibility of feeding the inmates and distributing feminine hygiene products to

the inmates.  Plaintiff Eddins worked multiple overtime shifts, where she was further exposed to

the novel corona virus.  As of today (2022), plaintiff Eddins is still working in isolation and/or

quarantine units.  Plaintiff Eddins never received any memos advising her of possible or actual

exposure to the novel corona virus, and plaintiff Eddins contracted COVID-19.

42.    Plaintiff Meyetta Ellison is an employee of Defendant United States of America

pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a

General Schedule Senior Officer Specialist, GS-8, Step 4, at FCI Aliceville.  Prior to November

2020, plaintiff Ellison was employed as a General Schedule Senior Correctional Officer, GS-7,

Step 3, at FCI Aliceville.  At various times within the last six years, plaintiff Ellison has been

required to perform duties involving unusual physical hardship and hazards within the meaning

of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Ellison is entitled to "hazardous

duty pay" for each such day.  At all times relevant herein, plaintiff Ellison worked in all housing

units at FCI Aliceville, along with the Special Housing Unit.  The C-3 and C-4 housing units and

the Special Housing Unit were designated quarantine areas.  Additionally, plaintiff Ellison was

assigned to a unit while it was designated as "Quarantine in Place."  Plaintiff Ellison's position

as a Compound officer required her to escort COVID-positive inmates from the housing units to

the quarantine units and from Receiving & Discharge to the housing units.  Plaintiff Ellison was also given the responsibility of feeding the inmates and distributing feminine hygiene products to the inmates.  Plaintiff Ellison worked overtime in hospitals and performing prisoner transportation, where she was further exposed to the novel corona virus.  As of today (2022), plaintiff Ellison is working in Receiving & Discharge, which require her to have direct contact with all incoming inmates, including strip searches, fingerprinting, and searching of the inmates' mouths for contraband.  Plaintiff Ellison never received any memos advising her of possible or actual exposure to the novel corona virus.

43.    Plaintiff Justin Elrod is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 10, at FCI Aliceville.  At various times within the last six years, plaintiff Elrod has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Elrod is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Elrod worked in the Special Housing Unit at FCI Aliceville.  The Special Housing Unit was a designated quarantine area.  Additionally, plaintiff Elrod was assigned to a unit while it was designated as "Quarantine in Place."  Plaintiff Elrod was also given the responsibility of feeding the inmates and distributing feminine hygiene products to the inmates.  Plaintiff Elrod worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  Plaintiff Elrod never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Elrod contracted COVID-19.

44.    Plaintiff Elizabeth Etheridge is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a

General Schedule Pharmacy Technician, GS-6, Step 9, at FCI Aliceville. At various times within the last six years, plaintiff Etheridge has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Etheridge is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Etheridge worked in all housing units at FCI Aliceville, along with the Special Housing Unit. The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas. Additionally, plaintiff Etheridge was assigned to a unit while it was designated as "Quarantine in Place." Plaintiff Etheridge's position as a Pharmacy Technician required her to visit every housing unit to administer insulin and/or medications to the inmates. Plaintiff Etheridge was also given the responsibility of feeding the inmates on occasion. Plaintiff Etheridge worked multiple overtime shifts, where she was further exposed to the novel corona virus. As of today (2022), plaintiff Etheridge is still working in isolation and/or quarantine units. Plaintiff Etheridge received at least one memo advising her of possible or actual exposure to the novel corona virus.

45. Plaintiff Jason Evans is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a Wage Grade Cook Supervisor, WS-8, Step 5, at FCI Aliceville. At various times within the last six years, plaintiff Evans has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Evans is entitled to "environmental differential pay" for each such day. At all times relevant herein, plaintiff Evans worked in the Food Services Department at FCI Aliceville. Plaintiff Evans's position as a Compound officer required him to escort COVID-positive inmates from the housing units to the quarantine units and from

Receiving & Discharge to the housing units, and his position as a Strike Team officer required him to feed and shower the inmates in the quarantine units.  Plaintiff Evans was also given the responsibility of distributing feminine hygiene products to the inmates.  Plaintiff Evans worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Evans never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Evans contracted COVID-19.

46.    Plaintiff John Fair is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-6, Step 2, at FCI Aliceville.  At various times within the last six years, plaintiff Fair has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Fair is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Fair worked in all housing units at FCI Aliceville, along with the Special Housing Unit.  The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas.  Additionally, plaintiff Fair was assigned to a unit while it was designated as "Quarantine in Place."  Plaintiff Fair's position as a Compound officer required him to escort COVID-positive inmates from the housing units to the quarantine units and from Receiving & Discharge to the housing units, and his position as a Strike Team officer required him to feed and shower the inmates in the quarantine units.  Plaintiff Fair was also given the responsibility of distributing feminine hygiene products to the inmates.  Plaintiff Fair worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  As of today (2022), plaintiff Fair is still working in isolation and/or quarantine units.  Plaintiff Fair never received any memos advising him of possible or actual exposure to the novel corona virus.

47.    Plaintiff Kimberly Fair is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 5, at FCI Aliceville.  At various times within the last six years, plaintiff Fair has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Fair is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Fair worked in all housing units at FCI Aliceville, along with the Special Housing Unit. The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas. Additionally, plaintiff Fair was assigned to a unit while it was designated as "Quarantine in Place."  Plaintiff Fair's position as a Compound officer required her to escort COVID-positive inmates from the housing units to the quarantine units and from Receiving & Discharge to the housing units.  Additionally, plaintiff Bell was given the responsibility of feeding the inmates and distributing feminine hygiene products to the inmates.  Plaintiff Fair worked overtime in hospitals and performing prisoner transportation, where she was further exposed to the novel corona virus.  As of today (2022), plaintiff Fair is still working in isolation and/or quarantine units.  Plaintiff Fair received at least one memo advising her of possible or actual exposure to the novel corona virus.

48.    Plaintiff Victoria Fason is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Teacher, GS-11, Step 7, at FCI Aliceville.  At various times within the last six years, plaintiff Fason has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Fason is entitled to "hazardous duty pay" for each such day.  At all times relevant herein,

plaintiff Fason worked in all housing units at FCI Aliceville, along with the Special Housing Unit. The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas. Additionally, plaintiff Fason was assigned to a unit while it was designated as "Quarantine in Place." Plaintiff Fason conducted Education Dyslexia Screening on all incoming inmates. Plaintiff Fason's position as a Strike Team officer required her to feed and shower the inmates in the quarantine units. Plaintiff Fason worked overtime in hospitals and performing prisoner transportation, where she was further exposed to the novel corona virus. As of today (2022), plaintiff Fason is still working in isolation and/or quarantine units. Plaintiff Fason never received any memos advising her of possible or actual exposure to the novel corona virus.

49.    Plaintiff Latasha Fenderson is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a Wage Grade Material Handler Supervisor, WS-4, Step 5, at FCI Aliceville. At various times within the last six years, plaintiff Fenderson has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Fenderson is entitled to "environmental differential pay" for each such day. At all times relevant herein, plaintiff Fenderson worked in all housing units at FCI Aliceville, along with the Special Housing Unit. The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas. Plaintiff Fenderson's position as a Material Handler Supervisor required her to provide clothing and take sizes for incoming inmates. She also had to go into every cell in the Institution to exchange soiled clothing and bedding, including removing clothing from inmate cells after the inmate had tested positive for COVID-19. Plaintiff Fenderson also delivered commissary items to all housing units at the Institution. Plaintiff Fenderson's position as a Compound officer required

her to escort COVID-positive inmates from the housing units to the quarantine units and from

Receiving & Discharge to the housing units, and her position as a Strike Team officer required

her to feed and shower the inmates in the quarantine units.  Plaintiff Fenderson was also given

the responsibility of distributing feminine hygiene products to the inmates.  Plaintiff Fenderson

worked multiple overtime shifts, where she was further exposed to the novel corona virus.  As of

today (2022), plaintiff Fenderson is still working in isolation and/or quarantine units.  Plaintiff

Fenderson received at least one memo advising her of possible or actual exposure to the novel

corona virus.

50.    Plaintiff Jennifer Fincher is an employee of Defendant United States of America

pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a

General Schedule Senior Officer Specialist, GS-8, Step 4, at FCI Aliceville.  At various times

within the last six years, plaintiff Fincher has been required to perform duties involving unusual

physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as

detailed below, plaintiff Fincher is entitled to "hazardous duty pay" for each such day.  At all

times relevant herein, plaintiff Fincher worked in the C-3 and C-4 housing units at FCI

Aliceville, both of which were designated quarantine areas.  Plaintiff Fincher's position as a

Compound officer required her to escort COVID-positive inmates from the housing units to the

quarantine units and from Receiving & Discharge to the housing units, and her position as a

Strike Team officer required her to feed and shower the inmates in the quarantine units.  Plaintiff

Fincher was also given the responsibility of distributing feminine hygiene products to the

inmates.  Plaintiff Fincher worked multiple overtime shifts, where she was further exposed to the

novel corona virus.  As of today (2022), plaintiff Fincher is still working in isolation and/or

quarantine units.  Plaintiff Fincher never received any memos advising her of possible or actual

exposure to the novel corona virus, and plaintiff Fincher contracted COVID-19 three times, directly as a result of exposure to an actively ill inmate.

51.     Plaintiff Leopold Flowers, Jr. is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Counselor, GS-9, Step 10, at FCI Aliceville.  At various times within the last six years, plaintiff Flowers has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Flowers is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Flowers worked in the screening site and the B-3, B-4, C-3, and C-4 housing units at FCI Aliceville, along with the Special Housing Unit.  The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas.  Additionally, plaintiff Flowers was assigned to a unit while it was designated as "Quarantine in Place."  As a member of the Unit Team, plaintiff Flowers was in contact with all incoming inmates after they had been processed.  Plaintiff Flowers's position as a Strike Team officer required him to feed and shower the inmates in the quarantine units.  Plaintiff Flowers was also given the responsibility of distributing feminine hygiene products to the inmates.  Plaintiff Flowers worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  As of today (2022), plaintiff Flowers is still working in isolation and/or quarantine units.  Plaintiff Flowers never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Flowers contracted COVID-19.

52.     Plaintiff Kadesha Fountain is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Correctional Officer, GS-7, Step 3, at FCI Aliceville.  At various times within

the last six years, plaintiff Fountain has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Fountain is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Fountain worked in the C-3 housing unit at FCI Aliceville, which was a designated quarantine area.  Additionally, plaintiff Fountain was assigned to a unit while it was designated as "Quarantine in Place."  Plaintiff Fountain's position as a Compound officer required her to escort COVID-positive inmates from the housing units to the quarantine units and from Receiving & Discharge to the housing units, and her position as a Strike Team officer required her to feed and shower the inmates in the quarantine units.  Plaintiff Fountain was also given the responsibility of distributing feminine hygiene products to the inmates.  Plaintiff Fountain worked overtime in hospitals and performing prisoner transportation, where she was further exposed to the novel corona virus.  Plaintiff Fountain does not recall receiving any memos advising her of possible or actual exposure to the novel corona virus, and plaintiff Fountain contracted COVID-19.

53.    Plaintiff Brittany Frederick is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed at the Bureau of Prisons Office Complex in Grand Prairie, Texas.  However, prior to August 25, 2022, plaintiff Frederick was employed as a General Schedule Correctional Counselor, GS-9, Step 6, at FCI Aliceville.  At various times within the last six years, plaintiff Frederick has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Frederick is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Frederick worked in multiple housing units at FCI Aliceville, including the designated quarantine areas.  Additionally, plaintiff

Frederick was assigned to a unit while it was designated as "Quarantine in Place." As a member of the Unit Team, plaintiff Frederick was in contact with incoming inmates as soon as they completed processing through R&D. Plaintiff Frederick's position as a Strike Team officer required her to feed and shower the inmates in the quarantine units. Plaintiff Frederick was also given the responsibility of distributing feminine hygiene products to the inmates. Plaintiff Frederick received at least one memo advising her of possible or actual exposure to the novel corona virus.

54.    Plaintiff Keneisha Garrett is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Teacher, GS-11, Step 1, at FCI Aliceville. At various times within the last six years, plaintiff Garrett has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Garrett is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Garrett worked in the Alpha, Bravo, and Charlie housing units at FCI Aliceville, along with the Special Housing Unit. The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas. Plaintiff Garrett's position as a Strike Team officer required her to feed and shower the inmates in the quarantine units. Plaintiff Garrett worked multiple overtime shifts, where she was further exposed to the novel corona virus. As of today (2022), plaintiff Garrett is still working in isolation and/or quarantine units. Plaintiff Garrett never received any memos advising her of possible or actual exposure to the novel corona virus.

55.    Plaintiff Larissa Garrett is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Unit Secretary, GS-6, Step 2, at FCI Aliceville. Prior to August 1, 2021,

plaintiff Garrett was employed as a General Schedule Information Receptionist, GS-4, Step 1, at FCI Aliceville.  At various times within the last six years, plaintiff Garrett has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Garrett is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Garrett worked in all housing units at FCI Aliceville, along with the Special Housing Unit.  The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas.  Plaintiff Garrett's position as a member of the Unit Team brought her into contact with all incoming inmates after they had been processed.  Plaintiff Garrett's position as a Strike Team officer required her to feed and shower the inmates in the quarantine units.  Plaintiff Garrett was also given the responsibility of distributing feminine hygiene products to the inmates.  Additionally, during the pandemic, plaintiff Garrett worked the front lobby and was exposed to self-surrendered inmates as well as all employees entering or exiting the Institution.  As of today (2022), plaintiff Garrett is still working in isolation and/or quarantine units.  Plaintiff Garrett received at least one memo advising her of possible or actual exposure to the novel corona virus.

56.    Plaintiff Brandi Gilliam is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 5, at FCI Aliceville.  At various times within the last six years, plaintiff Gilliam has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Gilliam is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Gilliam worked in the C-4 housing unit at FCI Aliceville, along with the Special Housing Unit.  The C-3 and housing unit and the Special Housing Unit were

designated quarantine areas. Additionally, plaintiff Gilliam was assigned to a unit while it was designated as "Quarantine in Place." Plaintiff Gilliam's position as a Strike Team officer required her to feed and shower the inmates in the quarantine units. Plaintiff Gilliam was also given the responsibility of feeding the inmates and distributing feminine hygiene products to the inmates. Plaintiff Gilliam worked overtime in hospitals and performing prisoner transportation, where she was further exposed to the novel corona virus. Plaintiff Gilliam received at least one telephone call advising her of possible or actual exposure to the novel corona virus, and plaintiff Gilliam contracted COVID-19.

57.    Plaintiff MiaGracia Gipson is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a Wage Grade Cook Foreman, WS-8, Step 4, at FCI Aliceville. At various times within the last six years, plaintiff Gipson has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Gipson is entitled to "environmental differential pay" for each such day. At all times relevant herein, plaintiff Gipson worked in all housing units at FCI Aliceville, along with the Special Housing Unit. The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas. Plaintiff Gipson assisted by escorting Covid-positive inmates from the housing units to the Special Housing Unit. She also conducted body searches and distributed clothing to these inmates. Plaintiff Gipson worked overtime in hospitals and performing prisoner transportation, where she was further exposed to the novel corona virus. Plaintiff Gipson never received any memos advising her of possible or actual exposure to the novel corona virus, and plaintiff Gipson contracted COVID-19.

58.    Plaintiff Hannah Golden is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 5, at FCI Aliceville.  Prior to January 2022, plaintiff Golden was employed as a General Schedule Senior Correctional Officer, GS-7, Step 4, at FCI Aliceville.  Prior to January 2021, plaintiff Golden was employed as a General Schedule Correctional Officer, GS-6, Step 2, at FCI Aliceville.  At various times within the last six years, plaintiff Golden has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Golden is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Golden worked in the Alpha, B-1, B-3, and Charlie housing units at FCI Aliceville, along with the Special Housing Unit.  The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas.  Additionally, plaintiff Golden was assigned to a unit while it was designated as "Quarantine in Place."  Plaintiff Golden's position as a Compound officer required her to escort COVID-positive inmates from the housing units to the quarantine units and from Receiving & Discharge to the housing units.  Plaintiff Golden was also given the responsibility of feeding the inmates and distributing feminine hygiene products to the inmates.  Plaintiff Golden worked overtime in hospitals and performing prisoner transportation, where she was further exposed to the novel corona virus.  As of today (2022), plaintiff Golden is still working in isolation and/or quarantine units.  Plaintiff Golden never received any memos advising her of possible or actual exposure to the novel corona virus, and plaintiff Golden contracted COVID-19 twice.

59.    Plaintiff Kaidd Golden is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General

Schedule Correctional Counselor, GS-9, Step 6, at FCI Aliceville.  At various times within the last six years, plaintiff Golden has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Golden is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Golden worked in the Alpha, Bravo, and Charlie housing units at FCI Aliceville, along with the Special Housing Unit.  The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas.  Additionally, plaintiff Golden was assigned to a unit while it was designated as "Quarantine in Place."  As a member of the Unit Team, plaintiff Golden was in contact with incoming inmates as soon as they completed processing through R&D.  Plaintiff Golden's position as a Compound officer required him to escort COVID-positive inmates from the housing units to the quarantine units and from Receiving & Discharge to the housing units, and his position as a Strike Team officer required him to feed and shower the inmates in the quarantine units.  Plaintiff Golden was also given the responsibility of distributing feminine hygiene products to the inmates.  Plaintiff Golden worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  As of today (2022), plaintiff Golden s is still working in isolation and/or quarantine units.  Plaintiff Golden never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Golden contracted COVID-19.

60.    Plaintiff Caleb Gray is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-5, Step 1, at FCI Aliceville.  At various times within the last six years, plaintiff Gray has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff

Gray is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Gray worked in the Camp and the Alpha, Bravo, and Charlie housing units at FCI Aliceville.  The C-3 and C-4 housing units were designated quarantine areas.  Additionally, plaintiff Gray was assigned to a unit while it was designated as "Quarantine in Place."  Plaintiff Gray's position as a Compound officer required him to escort COVID-positive inmates from the housing units to the quarantine units and from Receiving & Discharge to the housing units.  Plaintiff Gray was also given the responsibility of feeding the inmates and distributing feminine hygiene products to the inmates.  Plaintiff Gray worked multiple overtime shifts, where he was further exposed to the novel corona virus.  As of today (2022), plaintiff Gray is still working in isolation and/or quarantine units.  Plaintiff Gray never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Gray contracted COVID-19.

61.    Plaintiff Stephen Hall is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Material Handler Supervisor, WS-4, Step 5, at FCI Aliceville.  At various times within the last six years, plaintiff Hall has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Hall is entitled to "environmental differential pay" for each such day.  At all times relevant herein, plaintiff Hall worked in all housing units at FCI Aliceville, along with the Special Housing Unit.  The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas.  Plaintiff Hall's position as a Material Handler Supervisor required him to provide clothing and take sizes for incoming inmates.  He also had to go into every cell in the Institution to exchange soiled clothing and bedding, including removing clothing from inmate cells after the inmate had tested positive for COVID-19.  Plaintiff Hall also

delivered commissary items to all housing units at the Institution. Plaintiff Hall's position as a Compound officer required him to escort COVID-positive inmates from the housing units to the quarantine units and from Receiving & Discharge to the housing units, and his position as a Strike Team officer required him to feed and shower the inmates in the quarantine units. Plaintiff Hall was also given the responsibility of distributing feminine hygiene products to the inmates. Plaintiff Hall worked multiple overtime shifts, where he was further exposed to the novel corona virus. As of today (2022), plaintiff Hall is still working in isolation and/or quarantine units. Plaintiff Hall received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Hall contracted COVID-19.

62.   Plaintiff Fredrick Harris is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Teacher, GS-11, Step 4, at FCI Aliceville. At various times within the last six years, plaintiff Harris has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Harris is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Harris worked in the Alpha, Bravo, and Charlie housing units at FCI Aliceville. The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas. Plaintiff Harris worked multiple overtime shifts, where he was further exposed to the novel corona virus. As of today (2022), plaintiff Harris is still working in isolation and/or quarantine units. Plaintiff Harris received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Harris contracted COVID-19.

63.   Plaintiff Keiwan Harris is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a Wage Grade

Material Handler Supervisor, WS-4, Step 5, at FCI Aliceville.  At various times within the last six years, plaintiff Harris has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Harris is entitled to "environmental differential pay" for each such day.  At all times relevant herein, plaintiff Harris worked in all housing units at FCI Aliceville, along with the Special Housing Unit.  The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas.  Plaintiff Harris's responsibilities as a Union steward required him to enter all of the quarantine and isolation areas to check on employees and ensure that proper PPE was being provided. Plaintiff Harris's position as a Material Handler Supervisor required him to provide clothing and take sizes for incoming inmates.  He also had to go into every cell in the Institution to exchange soiled clothing and bedding, including removing clothing from inmate cells after the inmate had tested positive for COVID-19.  Plaintiff Harris also delivered commissary items to all housing units at the Institution.  Plaintiff Harris's position as a Compound officer required him to escort COVID-positive inmates from the housing units to the quarantine units and from Receiving & Discharge to the housing units, and his position as a Strike Team officer required him to feed and shower the inmates in the quarantine units.  Plaintiff Harris was also given the responsibility of distributing feminine hygiene products to the inmates.  Plaintiff worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  As of today (2022), plaintiff Harris is still working in isolation and/or quarantine units.  Plaintiff Harris received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Harris contracted COVID-19.

64.    Plaintiff Sophia Harris is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Facilities Assistant, GS-7, Step 5, at FCI Aliceville.  At various times within the last six years, plaintiff Harris has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Harris is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Harris worked in all housing units at FCI Aliceville, along with the Special Housing Unit.  The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas.  Additionally, plaintiff Harris was assigned to a unit while it was designated as "Quarantine in Place."  As a member of the Unit Team, plaintiff Harris was in contact with incoming inmates as soon as they completed processing through R&D.  Plaintiff Harris's position as a Strike Team officer required her to feed and shower the inmates in the quarantine units.  Plaintiff Harris was also given the responsibility of distributing feminine hygiene products to the inmates.  As of today (2022), plaintiff Harris is still working in isolation and/or quarantine units.  Plaintiff Harris received at least one memo advising her of possible or actual exposure to the novel corona virus, and plaintiff Harris contracted COVID-19.

65.    Plaintiff Jeff Hart is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Counselor, GS-9, Step 9, at FCI Aliceville.  At various times within the last six years, plaintiff Hart has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Hart is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Hart worked in the C-3 and C-4 housing units at FCI Aliceville, both of which were

designated quarantine areas.  As a member of the Unit Team, plaintiff Hart was in contact with

incoming inmates as soon as they completed processing through R&D.  He tracked when

COVID-positive inmates arrived in the quarantine units and issued them new bedding and

clothing.  Upon their release, plaintiff Hart was responsible for sanitizing the cells.  He was also

responsible for screening the inmates for COVID-19 on arrival and accompanying them to the

hospital if they needed medical attention.  Plaintiff Hart's position as a Compound officer

required him to escort COVID-positive inmates from the housing units to the quarantine units

and from Receiving & Discharge to the housing units, and his position as a Strike Team officer

required him to feed and shower the inmates in the quarantine units.  Plaintiff Hart was also

given the responsibility of distributing feminine hygiene products to the inmates.  Plaintiff Hart

worked overtime in hospitals and performing prisoner transportation, where he was further

exposed to the novel corona virus.  Plaintiff Hart received at least one memo advising him of

possible or actual exposure to the novel corona virus.

66.    Plaintiff Sarah Hemby is an employee of Defendant United States of America pursuant

to Title 5 of the United States Code and the FLSA.  She is currently employed as a General

Schedule Senior Correctional Officer, GS-7, Step 6, at FCI Aliceville.  Prior to November of

2021, plaintiff Hemby was employed as a General Schedule Correctional Officer, GS-5, Step 1,

at FCI Aliceville.  At various times within the last six years, plaintiff Hemby has been required

to perform duties involving unusual physical hardship and hazards within the meaning of 5

U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Hemby is entitled to "hazardous duty

pay" for each such day.  At all times relevant herein, plaintiff Hemby worked in the C-3 and C-4

housing units at FCI Aliceville, along with the Special Housing Unit.  The C-3 and C-4 housing

units and the Special Housing Unit were designated quarantine areas.  Additionally, plaintiff

Hemby was assigned to a unit while it was designated as "Quarantine in Place."  Plaintiff Hemby's position as a Compound officer required her to escort COVID-positive inmates from the housing units to the quarantine units and from Receiving & Discharge to the housing units. Plaintiff Hemby was also given the responsibility of feeding the inmates and distributing feminine hygiene products to the inmates.  Plaintiff Hemby worked overtime in hospitals and performing prisoner transportation, where she was further exposed to the novel corona virus. Plaintiff Hemby received at least one memo advising her of possible or actual exposure to the novel corona virus, and plaintiff Hemby contracted COVID-19.

67.    Plaintiff John Herron is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Plumbing Worker Foreman, WS-8, Step 5, at FCI Aliceville.  At various times within the last six years, plaintiff Herron has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Herron is entitled to "environmental differential pay" for each such day.  At all times relevant herein, plaintiff Herron worked in all housing units at FCI Aliceville, along with the Special Housing Unit.  The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas.  Additionally, plaintiff Herron was assigned to a unit while it was designated as "Quarantine in Place."  Plaintiff Herron's position as a Compound officer required him to escort COVID-positive inmates from the housing units to the quarantine units and from Receiving & Discharge to the housing units, and his position as a Strike Team officer required him to feed and shower the inmates in the quarantine units. Plaintiff Herron was also given the responsibility of distributing feminine hygiene products to the inmates.  Plaintiff Herron worked overtime in hospitals and performing prisoner

transportation, where he was further exposed to the novel corona virus.  As of today (2022), plaintiff Herron is still working in isolation and/or quarantine units.  Plaintiff Herron never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Herron contracted COVID-19.

68.    Plaintiff Jason Hill is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 4, at FCI Aliceville.  Prior to September 15, 2022, plaintiff Hill was employed as a General Schedule Correctional Officer at FCI Aliceville.  At various times within the last six years, plaintiff Hill has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Hill is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Hill worked in the Camp and all housing units at FCI Aliceville, along with the Special Housing Unit.  The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas.  Plaintiff Hill's position as a Compound officer required him to escort COVID-positive inmates from the housing units to the quarantine units and from Receiving & Discharge to the housing units.  Plaintiff Hill was also given the responsibility of feeding the inmates and distributing feminine hygiene products to the inmates. Plaintiff Hill worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  As of today (2022), plaintiff Hill is still working in isolation and/or quarantine units.  Plaintiff Hill received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Hill contracted COVID-19 twice.

69.    Plaintiff Arnell Hinton is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 7, at FCI Aliceville.  Prior to July 2022, plaintiff Hinton was employed as a General Schedule Senior Correctional Officer, GS-7, Step 7, at FCI Aliceville.  Prior to June 2021, plaintiff Hinton was employed as a General Schedule Senior Correctional Officer, GS-7, Step 6, at FCI Aliceville.  At various times within the last six years, plaintiff Hinton has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Hinton is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Hinton worked in the B-1, B-2, B-3, B-4, and C-4 housing units at FCI Aliceville, along with the Special Housing Unit.  The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas.  Additionally, plaintiff Hinton was assigned to a unit while it was designated as "Quarantine in Place."  Plaintiff Hinton's position as a Compound officer required her to escort COVID-positive inmates from the housing units to the quarantine units and from Receiving & Discharge to the housing units.  Plaintiff Hinton was also given the responsibility of feeding the inmates and distributing feminine hygiene products to the inmates. Plaintiff Hinton worked overtime in hospitals and performing prisoner transportation, where she was further exposed to the novel corona virus.  As of today (2022), plaintiff Hinton is still working in isolation and/or quarantine units.  Plaintiff Hinton never received any memos advising her of possible or actual exposure to the novel corona virus, and plaintiff Hinton contracted COVID-19.

70.    Plaintiff Jessica Hinton is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General

Schedule Correctional Officer, GS-8, Step 8, at FCI Aliceville.  At various times within the last

six years, plaintiff Hinton has been required to perform duties involving unusual physical

hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below,

plaintiff Hinton is entitled to "hazardous duty pay" for each such day.  At all times relevant

herein, plaintiff Hinton worked in the A-3, A-4, B-3, B-4, C-3, and C-4 housing units at FCI

Aliceville, along with the Special Housing Unit.  The C-3 and C-4 housing units and the Special

Housing Unit were designated quarantine areas.  Additionally, plaintiff Hinton was assigned to a

unit while it was designated as "Quarantine in Place."  Plaintiff Hinton's position as a Compound

officer required her to escort COVID-positive inmates from the housing units to the quarantine

units and from Receiving & Discharge to the housing units.  Plaintiff Hinton was also given the

responsibility of feeding the inmates.  Plaintiff Hinton worked overtime in hospitals and

performing prisoner transportation, where she was further exposed to the novel corona virus.  As

of today (2022), plaintiff Hinton is still working in isolation and/or quarantine units.  Plaintiff

Hinton never received any memos advising her of possible or actual exposure to the novel

corona virus, and plaintiff Hinton contracted COVID-19.

71.    Plaintiff MaShanta Hinton is an employee of Defendant United States of America

pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a

General Schedule Senior Officer Specialist, GS-8, Step 6, at FCI Aliceville.  Prior to August

2022, plaintiff Hinton was employed as a General Schedule Senior Correctional Officer, GS-7,

Step 5, at FCI Aliceville.  At various times within the last six years, plaintiff Hinton has been

required to perform duties involving unusual physical hardship and hazards within the meaning

of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Hinton is entitled to "hazardous

duty pay" for each such day.  At all times relevant herein, plaintiff Hinton worked in the Alpha,

Bravo, and Charlie housing units at FCI Aliceville, along with the Special Housing Unit. The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas. Additionally, plaintiff Hinton was assigned to a unit while it was designated as "Quarantine in Place." Plaintiff Hinton's position as a Compound officer required her to escort COVID-positive inmates from the housing units to the quarantine units and from Receiving & Discharge to the housing units. Plaintiff Hinton was also given the responsibility of feeding the inmates and distributing feminine hygiene products to the inmates. Plaintiff Hinton worked multiple overtime shifts, where she was further exposed to the novel corona virus. As of today (2022), plaintiff Hinton is still working in isolation and/or quarantine units. Plaintiff Hinton never received any memos advising her of possible or actual exposure to the novel corona virus.

72.    Plaintiff James Holdiness is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Senior Correctional Officer, GS-7, Step 2, at FCI Aliceville. At various times within the last six years, plaintiff Holdiness has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Holdiness is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Holdiness worked in the Alpha, Bravo, and Charlie housing units at FCI Aliceville. The C-3 and C-4 housing units were designated quarantine areas. Additionally, plaintiff Holdiness was assigned to a unit while it was designated "Quarantine in Place." Plaintiff Holdiness's position as a Compound officer required him to escort COVID-positive inmates from the housing units to the quarantine units and from Receiving & Discharge to the housing units. Plaintiff Holdiness was also given the responsibility of feeding the inmates and distributing feminine hygiene products to the inmates. Plaintiff Holdiness worked multiple

overtime shifts, where he was further exposed to the novel corona virus.  As of today (2022), plaintiff Holdiness is still working in isolation and/or quarantine units.  Plaintiff Holdiness never received any memos advising him of possible or actual exposure to the novel corona virus.

73.    Plaintiff Bruce Holler, Jr. is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Case Manager, GS-11, Step 6, at FCI Aliceville.  At various times within the last six years, plaintiff Holler has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Holler is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Holler worked in the Alpha and Bravo housing units at FCI Aliceville, along with the Special Housing Unit.  He also conducted rounds and did Unit Team work in the C-3 housing unit.  The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas.  As a member of the Unit Team, plaintiff Holler was in contact with incoming inmates as soon as they completed processing through R&D.  Additionally, plaintiff Holler was assigned to a unit while it was designated as "Quarantine in Place."  Plaintiff Holler's position as a Compound officer required him to escort COVID-positive inmates from the housing units to the quarantine units and from Receiving & Discharge to the housing units.  Plaintiff Holler was also given the responsibility of feeding the inmates and distributing feminine hygiene products to the inmates.  Plaintiff Holler worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  As of today (2022), plaintiff Holler is still being augmented to isolation and/or quarantine units.  Plaintiff Holler never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Holler contracted COVID-19.

74.    Plaintiff Whittney Ike is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 6, at FCI Aliceville.  Prior to July 31, 2022, plaintiff Ike was employed as a General Schedule Senior Correctional Officer, GS-7, Step 5, at FCI Aliceville.  At various times within the last six years, plaintiff Ike has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Ike is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Ike worked in the Camp and the A-4 and B-2 housing units at FCI Aliceville, along with the Special Housing Unit.  The Special Housing Unit was a designated quarantine area.  Additionally, plaintiff Ike was assigned to a unit while it was designated as "Quarantine in Place."  Plaintiff Ike's position as a Compound officer required her to escort COVID-positive inmates from the housing units to the quarantine units and from Receiving & Discharge to the housing units.  Plaintiff Ike was also given the responsibility of feeding inmates and distributing feminine hygiene products to the inmates.  Plaintiff Ike worked multiple overtime shifts, where she was further exposed to the novel corona virus.  As of today (2022), plaintiff Ike is still working in isolation and/or quarantine units.  Plaintiff Ike never received any memos advising her of possible or actual exposure to the novel corona virus.

75.    Plaintiff Demetrice Ingram is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-5, Step 1, at FCI Aliceville.  At various times within the last six years, plaintiff Ingram has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Ingram is entitled to "hazardous duty pay" for each such day.  At all times relevant

herein, plaintiff Ingram worked in all housing units at FCI Aliceville, along with the Special

Housing Unit.  The C-3 and C-4 housing units and the Special Housing Unit were designated

quarantine areas.  Additionally, plaintiff Ingram was assigned to a unit while it was designated as

"Quarantine in Place."  Plaintiff Ingram's position as a Compound officer required him to escort

COVID-positive inmates from the housing units to the quarantine units and from Receiving &

Discharge to the housing units.  Plaintiff Ingram was also given the responsibility of feeding the

inmates and distributing feminine hygiene products to the inmates.  Plaintiff Ingram worked

multiple overtime shifts, where he was further exposed to the novel corona virus.  As of today

(2022), plaintiff Ingram is still working in isolation and/or quarantine units.  Plaintiff Ingram

never received any memos advising him of possible or actual exposure to the novel corona virus.

76.    Plaintiff Whitney Isaac is an employee of Defendant United States of America pursuant

to Title 5 of the United States Code and the FLSA.  She is currently employed as a General

Schedule Special Population Coordinator, GS-11, Step 6, at FCI Aliceville.  Prior to December

2021, plaintiff Isaac was employed as a General Schedule Case Manager, GS-11, Step 5, at FCI

Aliceville.  At various times within the last six years, plaintiff Isaac has been required to perform

duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. §

5545(d), and therefore, as detailed below, plaintiff Isaac is entitled to "hazardous duty pay" for

each such day.  At all times relevant herein, plaintiff Isaac worked in all housing units at FCI

Aliceville, along with the Special Housing Unit.  The C-3 and C-4 housing units and the Special

Housing Unit were designated quarantine areas.  Additionally, plaintiff Isaac was assigned to a

unit while it was designated as "Quarantine in Place."  As a member of the Unit Team, plaintiff

Isaac was in contact with incoming inmates as soon as they completed processing through R&D.

Plaintiff Isaac's position as a Strike Team officer required her to feed and shower the inmates in

the quarantine units.  Plaintiff Isaac worked multiple overtime shifts, where she was further

exposed to the novel corona virus.  Plaintiff Isaac never received any memos advising her of

possible or actual exposure to the novel corona virus.

77.    Plaintiff Melissa Jackson is an employee of Defendant United States of America

pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a

General Schedule Senior Correctional Officer, GS-7, Step 3, at FCI Aliceville.  At various times

within the last six years, plaintiff Jackson has been required to perform duties involving unusual

physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as

detailed below, plaintiff Jackson is entitled to "hazardous duty pay" for each such day.  At all

times relevant herein, plaintiff Jackson worked in the C-3 and C-4 housing units at FCI

Aliceville, along with the Special Housing Unit.  The C-3 and C-4 housing units and the Special

Housing Unit were designated quarantine areas.  Plaintiff Jackson's position as a Compound

officer required her to escort COVID-positive inmates from the housing units to the quarantine

units and from Receiving & Discharge to the housing units.  Plaintiff Jackson worked overtime

in hospitals and performing prisoner transportation, where she was further exposed to the novel

corona virus.  As of today (2022), plaintiff Jackson is still working in isolation and/or quarantine

units.  Plaintiff Jackson received at least one memo advising her of possible or actual exposure to

the novel corona virus, and plaintiff Jackson contracted COVID-19.

78.    Plaintiff Whitney Jackson is an employee of Defendant United States of America

pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a

General Schedule Senior Correctional Officer, GS-7, Step 3, at FCI Aliceville.  At various times

within the last six years, plaintiff Jackson has been required to perform duties involving unusual

physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as

detailed below, plaintiff Jackson is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Jackson worked in all housing units at FCI Aliceville, along with the Special Housing Unit.  The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas.  Plaintiff Jackson's position as a Compound officer required her to escort COVID-positive inmates from the housing units to the quarantine units and from Receiving & Discharge to the housing units.  Plaintiff Jackson was also given the responsibility of feeding the inmates and distributing feminine hygiene products to the inmates.  Plaintiff Jackson worked overtime in hospitals and performing prisoner transportation, where she was further exposed to the novel corona virus.  As of today (2022), plaintiff Jackson is still working in isolation and/or quarantine units.  Plaintiff Jackson never received any memos advising her of possible or actual exposure to the novel corona virus, and plaintiff Jackson contracted COVID-19.

79.    Plaintiff Joshlyn Jenkins is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed at the Bureau of Prisons Central Office.  However, prior to April of 2020, plaintiff Jenkins was employed as a General Schedule Correctional Counselor, GS-9, Step 10, at FCI Aliceville.  At various times within the last six years, plaintiff Jenkins has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Jenkins is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Jenkins worked in multiple housing units at FCI Aliceville, including the designated quarantine areas, despite the fact that she was pregnant at the time and management was aware of her pregnancy.  Additionally, plaintiff Jenkins was assigned to a unit while it was designated as "Quarantine in Place."  As a member of the Unit Team,

plaintiff Jenkins was in contact with incoming inmates as soon as they completed processing through R&D.  Plaintiff Jenkins was also given the responsibility of feeding the inmates and distributing feminine hygiene products to the inmates.  Plaintiff Jenkins never received any memos advising her of possible or actual exposure to the novel corona virus.

80.    Plaintiff Robert Jenkins is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Recreation Specialist, GS-9, Step 8, at FCI Aliceville.  At various times within the last six years, plaintiff Jenkins has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Jenkins is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Jenkins worked in the Alpha, Bravo, and Charlie housing units at FCI Aliceville, along with the Special Housing Unit.  The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas.  Additionally, plaintiff Jenkins was assigned to a unit while it was designated as "Quarantine in Place."  Plaintiff Jenkins's position as a Strike Team officer required him to feed and shower the inmates in the quarantine units. Plaintiff Jenkins was also given the responsibility of distributing feminine hygiene products to the inmates.  Plaintiff Jenkins received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Jenkins contracted COVID-19.

81.    Plaintiff Xavier Jenkins is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Cook Foreman, WS-8, Step 5, at FCI Aliceville.  At various times within the last six years, plaintiff Jenkins has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and

therefore, as detailed below, plaintiff Jenkins is entitled to "environmental differential pay" for each such day.

82.    Plaintiff Ebony C. Johnson is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Senior Correctional Officer, GS-7, Step 3, at FCI Aliceville.  At various times within the last six years, plaintiff Johnson has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Johnson is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Johnson worked in the C-3 and C-4 housing units at FCI Aliceville, along with the Special Housing Unit.  The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas.  Additionally, plaintiff Johnson was assigned to a unit while it was designated as "Quarantine in Place."  Plaintiff Johnson's duties as a Union steward required her to enter all of the quarantine and isolation areas to check on employees and ensure that proper PPE was being provided.  Plaintiff Johnson's position as a Compound officer required her to escort COVID-positive inmates from the housing units to the quarantine units and from Receiving & Discharge to the housing units, and her position as a Strike Team officer required her to feed and shower the inmates in the quarantine units.  Plaintiff Johnson was also given the responsibility of distributing feminine hygiene products to the inmates.  Plaintiff Johnson worked overtime in hospitals and performing prisoner transportation, where she was further exposed to the novel corona virus.  As of today (2022), plaintiff Johnson is still working in isolation and/or quarantine units.  Plaintiff Johnson never received any memos advising her of possible or actual exposure to the novel corona virus.

83.    Plaintiff Ebony L. Johnson is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 5, at FCI Aliceville.  Prior to 2022, plaintiff Johnson was employed as a General Schedule Senior Correctional Officer, GS-7, Step 3, at FCI Aliceville.  Prior to 2021, plaintiff Johnson was employed as a General Schedule Correctional Officer, GS-6, Step 2, at FCI Aliceville.  At various times within the last six years, plaintiff Johnson has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Johnson is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Johnson worked in the Alpha, Bravo, and Charlie housing units at FCI Aliceville, along with the Special Housing Unit.  The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas.  Additionally, plaintiff Johnson was assigned to a unit while it was designated as "Quarantine in Place."  Plaintiff Johnson's position as a Compound officer required her to escort COVID-positive inmates from the housing units to the quarantine units and from Receiving & Discharge to the housing units.  Plaintiff Johnson was also given the responsibility of feeding the inmates and distributing feminine hygiene products to the inmates.  Plaintiff Johnson worked multiple overtime shifts, where she was further exposed to the novel corona virus.  As of today (2022), plaintiff Johnson is still working in isolation and/or quarantine units.  Plaintiff Johnson never received any memos advising her of possible or actual exposure to the novel corona virus.

84.    Plaintiff E'Twana Johnson is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Correctional Officer, GS-6, Step 2, at FCI Aliceville.  At various times within

the last six years, plaintiff Johnson has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Johnson is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Johnson worked in the Alpha, Bravo, and Charlie housing units at FCI Aliceville.  The C-3 and C-4 housing units were designated quarantine areas.  Additionally, plaintiff Johnson was assigned to a unit while it was designated as "Quarantine in Place."  Plaintiff Johnson's position as a Compound officer required her to escort COVID-positive inmates from the housing units to the quarantine units and from Receiving & Discharge to the housing units.  Plaintiff Johnson was also given the responsibility of feeding the inmates and distributing feminine hygiene products to the inmates.  Plaintiff Johnson worked multiple overtime shifts, where she was further exposed to the novel corona virus.  As of today (2022), plaintiff Johnson is still working in isolation and/or quarantine units.  Plaintiff Johnson never received any memos advising her of possible or actual exposure to the novel corona virus.

85.    Plaintiff Kermit Johnson is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Counselor, GS-9, Step 10, at FCI Aliceville.  At various times within the last six years, plaintiff Johnson has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Johnson is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Johnson worked in all housing units at FCI Aliceville, along with the Special Housing Unit.  The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas.  Additionally, plaintiff Johnson was assigned to a unit while it was designated as "Quarantine in Place."  Plaintiff Johnson's position as a Strike Team officer

required him to feed and shower the inmates in the quarantine units.  Plaintiff Johnson was also given the responsibility of distributing feminine hygiene products to the inmates.  Plaintiff Johnson worked multiple overtime shifts, where he was further exposed to the novel corona virus.  As of today (2022), plaintiff Johnson is still working in isolation and/or quarantine units.  Plaintiff Johnson received at least one telephone call advising him of possible or actual exposure to the novel corona virus, and plaintiff Johnson contracted COVID-19.

86.    Plaintiff Phillip Johnson is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-7, Step 5, at FCI Aliceville.  At various times within the last six years, plaintiff Johnson has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Johnson is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Johnson worked in the Alpha, Bravo, and Charlie housing units at FCI Aliceville, along with the Special Housing Unit.  The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas.  Additionally, plaintiff Johnson was assigned to a unit while it was designated as "Quarantine in Place."  Plaintiff Johnson was also given the responsibility of feeding inmates and distributing feminine hygiene products to the inmates.  Plaintiff Johnson worked multiple overtime shifts, where he was further exposed to the novel corona virus.  As of today (2022), plaintiff Johnson is still working in isolation and/or quarantine units.  Plaintiff Johnson received at least one memo advising him of possible or actual exposure to the novel corona virus.

87.    Plaintiff Mason Jones is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade

Material Handler Supervisor, WS-4, Step 5, at FCI Aliceville. At various times within the last

six years, plaintiff Jones has been required to perform duties involving unusually severe working

conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and

therefore, as detailed below, plaintiff Jones is entitled to "environmental differential pay" for

each such day. At all times relevant herein, plaintiff Jones worked in all housing units at FCI

Aliceville, along with the Special Housing Unit. The C-3 and C-4 housing units and the Special

Housing Unit were designated quarantine areas. Additionally, plaintiff Bates was assigned to a

unit while it was designated as "Quarantine in Place." Plaintiff Jones's position as a Compound

officer required him to escort COVID-positive inmates from the housing units to the quarantine

units and from Receiving & Discharge to the housing units, and his position as a Strike Team

officer required him to feed and shower the inmates in the quarantine units. As a Material

Handler Supervisor, plaintiff Jones worked in both the Commissary and Laundry areas. He had

to go door to door in all housing units to deliver commissary, deliver clothing, and pick up soiled

and contaminated laundry. Plaintiff Jones was also given the responsibility of distributing

feminine hygiene products to the inmates. Plaintiff Jones worked multiple overtime shifts,

where he was further exposed to the novel corona virus. As of today (2022), plaintiff Jones is

still working in isolation and/or quarantine units. Plaintiff Jones received at least one memo

advising him of possible or actual exposure to the novel corona virus, and plaintiff Jones

contracted COVID-19.

88.    Plaintiff Brian Karg is an employee of Defendant United States of America pursuant to

Title 5 of the United States Code and the FLSA. He is currently employed as a Wage Grade

Electrical Foreman, WS-9, Step 5, at FCI Aliceville. At various times within the last six years,

plaintiff Karg has been required to perform duties involving unusually severe working conditions

or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Karg is entitled to "environmental differential pay" for each such day. At all times relevant herein, plaintiff Karg worked in all housing units at FCI Aliceville, along with the Special Housing Unit. The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas. Additionally, plaintiff Karg was assigned to a unit while it was designated as "Quarantine in Place." Plaintiff Karg's position as a Strike Team officer required him to feed and shower the inmates in the quarantine units. Plaintiff Karg was also given the responsibility of distributing feminine hygiene products to the inmates. Plaintiff Karg worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus. Plaintiff Karg received at least one memo advising him of possible or actual exposure to the novel corona virus.

89. Plaintiff Jade Kinney is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Staff Psychologist, GS-11, Step 1, at FCI Aliceville. At various times within the last six years, plaintiff Kinney has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Kinney is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Kinney worked in multiple housing units at FCI Aliceville, including the designated quarantine areas. Additionally, plaintiff Kinney conducted mental health screenings of newly-arrived inmates. Plaintiff Kinney was also given the responsibility of feeding the inmates and distributing feminine hygiene products to the inmates. Plaintiff Kinney worked multiple overtime shifts, where she was further exposed to the novel corona virus. As of today

(2022), plaintiff Kinney is still working in isolation and/or quarantine units. Plaintiff Kinney never received any memos advising her of possible or actual exposure to the novel corona virus.

90. Plaintiff Jasmine Lambert is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a Wage Grade Cook Supervisor, WS-8, Step 3, at FCI Aliceville. Prior to January 3, 2021, plaintiff Lambert was employed as a Wage Grade Cook Supervisor, WS-8, Step 2, at FCI Aliceville. At various times within the last six years, plaintiff Lambert has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Lambert is entitled to "environmental differential pay" for each such day. At all times relevant herein, plaintiff Lambert worked in the A-4, B-2, and B-3 housing units at FCI Aliceville. Plaintiff Lambert was also given the responsibility of feeding the inmates. As an employee in Food Services, plaintiff Lambert was exposed to several staff members and inmates who were ill with the novel corona virus. She also handled food carts that were being utilized by the quarantine units. Plaintiff Lambert worked overtime in hospitals and performing prisoner transportation, where she was further exposed to the novel corona virus. Plaintiff Lambert never received any memos advising her of possible or actual exposure to the novel corona virus.

91. Plaintiff Latosha Lanier is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Correctional Counselor, GS-9, Step 4, at FCI Aliceville. At various times within the last six years, plaintiff Lanier has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Lanier is entitled to "hazardous duty pay" for each such day. At all

times relevant herein, plaintiff Lanier worked in the Charlie housing units at FCI Aliceville. The C-3 and C-4 housing units were designated quarantine areas. Additionally, plaintiff Lanier was assigned to a unit while it was designated as "Quarantine in Place." As a member of the Unit Team, plaintiff Lanier was in contact with incoming inmates as soon as they completed processing through R&D. Plaintiff Lanier's position as a Strike Team officer required her to feed and shower the inmates in the quarantine units. Plaintiff Lanier was also given the responsibility of distributing feminine hygiene products to the inmates. As of today (2022), plaintiff Lanier is still working in isolation and/or quarantine units. Plaintiff Lanier never received any memos advising her of possible or actual exposure to the novel corona virus.

92.    Plaintiff Billy Lee is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Correctional Counselor, GS-9, Step 8, at FCI Aliceville. Prior to April 10, 2022, plaintiff Lee was employed as a General Schedule Senior Officer Specialist, GS-8, Step 7, at FCI Aliceville. At various times within the last six years, plaintiff Lee has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Lee is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Lee worked in all housing units at FCI Aliceville, along with the Special Housing Unit. The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas. Additionally, plaintiff Lee was assigned to a unit while it was designated as "Quarantine in Place." As a member of the Unit Team, plaintiff Lee was in contact with incoming inmates as soon as they completed processing through R&D. Plaintiff Lee was also given the responsibility of feeding the inmates and distributing feminine hygiene products to the inmates. Plaintiff Lee worked multiple overtime shifts, where he was

further exposed to the novel corona virus.  As of today (2022), plaintiff Lee is still working in isolation and/or quarantine units.  Plaintiff Lee never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Lee contracted COVID-19.

93.    Plaintiff Dewayne Lewis is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Material Handler Supervisor, WS-4, Step 5, at FCI Aliceville.  At various times within the last six years, plaintiff Lewis has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Lewis is entitled to "environmental differential pay" for each such day.  At all times relevant herein, plaintiff Lewis worked in all housing units at FCI Aliceville, along with the Special Housing Unit.  The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas.  Additionally, plaintiff Lewis was assigned to a unit while it was designated as "Quarantine in Place."  Plaintiff Lewis's position as a Compound officer required him to escort COVID-positive inmates from the housing units to the quarantine units and from Receiving & Discharge to the housing units, and his position as a Strike Team officer required him to feed and shower the inmates in the quarantine units.  Plaintiff Lewis's position as a Material Handler Supervisor required him to provide clothing and take sizes for incoming inmates.  He also had to go into every cell in the Institution to exchange soiled clothing and bedding, including removing clothing from inmate cells after the inmate had tested positive for COVID-19.  Plaintiff Lewis also delivered commissary items to all housing units at the Institution.  Plaintiff Lewis was also given the responsibility of distributing feminine hygiene products to the inmates.  Plaintiff Lewis worked multiple overtime shifts, where he was further exposed to the novel corona virus.  As of today (2022), plaintiff Lewis is still working in

isolation and/or quarantine units.  Plaintiff Lewis received at least one memo advising him of

possible or actual exposure to the novel corona virus, and plaintiff Lewis contracted COVID-19.

94.    Plaintiff Shemekia Little is an employee of Defendant United States of America

pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a

Wage Grade Cook Foreman, WS-8, Step 5, at FCI Aliceville.  At various times within the last

six years, plaintiff Little has been required to perform duties involving unusually severe working

conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and

therefore, as detailed below, plaintiff Little is entitled to "environmental differential pay" for

each such day.  At all times relevant herein, plaintiff Little worked in the A-4, C-1, C-3, and C-4

housing units at FCI Aliceville.  The C-3 and C-4 housing units were designated quarantine

areas.  Additionally, plaintiff Little was assigned to a unit while it was designated as "Quarantine

in Place."  Plaintiff Little was also given the responsibility of feeding the inmates and

distributing feminine hygiene products to the inmates.  Plaintiff Little worked overtime in

hospitals and performing prisoner transportation, where she was further exposed to the novel

corona virus.  As of today (2022), plaintiff Little is still working in isolation and/or quarantine

units.  Plaintiff Little received at least one memo advising her of possible or actual exposure to

the novel corona virus, and plaintiff Little contracted COVID-19.

95.    Plaintiff Walter Marshall is an employee of Defendant United States of America

pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a

General Schedule Senior Correctional Officer, GS-7, Step 4, at FCI Aliceville. At various times

within the last six years, plaintiff Marshall has been required to perform duties involving unusual

physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as

detailed below, plaintiff Marshall is entitled to "hazardous duty pay" for each such day.  At all

times relevant herein, plaintiff Marshall worked in the C-4 housing unit at FCI Aliceville.  The

C-4 housing unit was a designated quarantine area.  Additionally, plaintiff Marshall was assigned

to a unit while it was designated as "Quarantine in Place."  Plaintiff Marshall's position as a

Compound officer required him to escort COVID-positive inmates from the housing units to the

quarantine units.  Plaintiff Marshall was also given the responsibility of feeding the inmates and

distributing feminine hygiene products to the inmates.  Plaintiff Marshall worked multiple

overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Marshall

received at least one memo advising him of possible or actual exposure to the novel corona virus.

96.    Plaintiff Alejandro Matos, III is an employee of Defendant United States of America

pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage

Grade Cook Supervisor, WS-8, Step 3, at FCI Aliceville.  At various times within the last six

years, plaintiff Matos has been required to perform duties involving unusually severe working

conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and

therefore, as detailed below, plaintiff Matos is entitled to "environmental differential pay" for

each such day.  At all times relevant herein, plaintiff Matos worked in the C-3 and C-4 housing

units at FCI Aliceville, along with the Special Housing Unit.  The C-3 and C-4 housing units and

the Special Housing Unit were designated quarantine areas.  Additionally, plaintiff Matos was

assigned to a unit while it was designated as "Quarantine in Place."  Plaintiff Matos's position as

a Compound officer required him to escort COVID-positive inmates from the housing units to

the quarantine units and from Receiving & Discharge to the housing units, and his position as a

Strike Team officer required him to feed and shower the inmates in the quarantine units.  As an

employee in Food Services, plaintiff Matos was exposed to the entirety of the general population

of inmates he was responsible for feeding, regardless of COVID status.  Plaintiff Matos was also

given the responsibility of distributing feminine hygiene products to the inmates.  Plaintiff Matos

worked overtime in hospitals and performing prisoner transportation, where he was further

exposed to the novel corona virus.  As of today (2022), plaintiff Matos is still working in

isolation and/or quarantine units.  Plaintiff Matos received at least one memo advising him of

possible or actual exposure to the novel corona virus, and plaintiff Matos contracted COVID-19.

97.    Plaintiff Gary Mayfield is an employee of Defendant United States of America

pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a

General Schedule Senior Correctional Officer, GS-7, Step 10, at FCI Aliceville. At various times

within the last six years, plaintiff Mayfield has been required to perform duties involving unusual

physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as

detailed below, plaintiff Mayfield is entitled to "hazardous duty pay" for each such day.  At all

times relevant herein, plaintiff Mayfield worked in multiple housing units at FCI Aliceville,

along with the Special Housing Unit.  The C-3 and C-4 housing units and the Special Housing

Unit were designated quarantine areas.  Additionally, plaintiff Mayfield was assigned to a unit

while it was designated as "Quarantine in Place."  Plaintiff Mayfield's position as a Compound

officer required him to escort COVID-positive inmates from the housing units to the quarantine

units and from Receiving & Discharge to the housing units, and his position as a Strike Team

officer required him to feed and shower the inmates in the quarantine units.  Plaintiff Mayfield

was also given the responsibility of distributing feminine hygiene products to the inmates.

Plaintiff Mayfield worked overtime in hospitals and performing prisoner transportation, where he

was further exposed to the novel corona virus.  As of today (2022), plaintiff Mayfield is still

working in isolation and/or quarantine units.  Plaintiff Mayfield received at least one memo

advising him of possible or actual exposure to the novel corona virus, and plaintiff Mayfield contracted COVID-19.

98.    Plaintiff Shari Mayo is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Accounting Technician, GS-7, Step 4, at FCI Aliceville. At various times within the last six years, plaintiff Mayo has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Mayo is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Mayo worked in multiple housing units at FCI Aliceville, along with the Special Housing Unit.  The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas.  Additionally, plaintiff Mayo was assigned to a unit while it was designated as "Quarantine in Place."  Plaintiff Mayo's position as a Strike Team officer required her to feed and shower the inmates in the quarantine units.  Plaintiff Mayo was also given the responsibility of distributing feminine hygiene products to the inmates.  Plaintiff Mayo worked multiple overtime shifts, where she was further exposed to the novel corona virus.  Plaintiff Mayo received at least one memo advising her of possible or actual exposure to the novel corona virus.

99.    Plaintiff Brennan McCrackin is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-5, Step 1, at FCI Aliceville. At various times within the last six years, plaintiff McCrackin has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff McCrackin is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff McCrackin worked in all housing units at FCI Aliceville.  The C-

3 and C-4 housing units were designated quarantine areas.  Additionally, plaintiff McCrackin was assigned to a unit while it was designated as "Quarantine in Place."  Plaintiff McCrackin's position as a Compound officer required him to escort COVID-positive inmates from the housing units to the quarantine units and from Receiving & Discharge to the housing units. Plaintiff McCrackin was also given the responsibility of feeding the inmates and distributing feminine hygiene products to the inmates.  Plaintiff McCrackin worked multiple overtime shifts, where he was further exposed to the novel corona virus.  As of today (2022), plaintiff McCrackin is still working in isolation and/or quarantine units.  Plaintiff McCrackin never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff McCrackin contracted COVID-19.

100.  Plaintiff John McKay is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Recreation Specialist, GS-9, Step 4, at FCI Aliceville. At various times within the last six years, plaintiff McKay has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff McKay is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff McKay worked in the A-1, B-1, B-3, B-4, C-1, C-3, and C-4 housing units at FCI Aliceville, along with the Special Housing Unit.  The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas.  Additionally, plaintiff McKay was assigned to a unit while it was designated as "Quarantine in Place."  Plaintiff McKay's position in Receiving & Discharge required him to have direct contact with all incoming inmates, including strip searches, fingerprinting, and searching of the inmates' mouths for contraband. Additionally, plaintiff McKay worked at the screening site, screening staff and visitors who are

entering and exiting the Institution.  Plaintiff McKay's position as a Compound officer required him to escort COVID-positive inmates from the housing units to the quarantine units and from Receiving & Discharge to the housing units, and his position as a Strike Team officer required him to feed and shower the inmates in the quarantine units.  Plaintiff McKay was also given the responsibility of distributing feminine hygiene products to the inmates.  Plaintiff McKay worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  As of today (2022), plaintiff McKay is still working in isolation and/or quarantine units.  Plaintiff McKay never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff McKay contracted COVID-19.

101.  Plaintiff Kyle McLaughlin is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Security Officer, GS-9, Step 3, at FCI Aliceville. At various times within the last six years, plaintiff McLaughlin has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff McLaughlin is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff McLaughlin worked in all housing units at FCI Aliceville, along with the Special Housing Unit.  The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas.  Additionally, plaintiff McLaughlin was assigned to a unit while it was designated as "Quarantine in Place."  Plaintiff McLaughlin's position as a Compound officer required him to escort COVID-positive inmates from the housing units to the quarantine units and from Receiving & Discharge to the housing units, and his position as a Strike Team officer required him to feed and shower the inmates in the quarantine units. Plaintiff McLaughlin was also given the responsibility of distributing feminine hygiene products

to the inmates.  Plaintiff McLaughlin worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  Plaintiff McLaughlin was also sent on TDY to FCI Estill and FCI Talladega, increasing his risk of exposure exponentially.  As of today (2022), plaintiff McLaughlin is still working in isolation and/or quarantine units.  Plaintiff McLaughlin received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff McLaughlin contracted COVID-19.

102.  Plaintiff Rachel Medley is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Case Manager, GS-11, Step 2, at FCI Aliceville. Prior to June 24, 2020, plaintiff Medley was employed as a General Schedule Unit Secretary, GS-6, Step 7, at FCI Aliceville.  At various times within the last six years, plaintiff Medley has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Medley is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Medley worked in the Camp and the B-1, C-3, and C-4 housing units at FCI Aliceville, along with the Special Housing Unit.  The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas. Additionally, plaintiff Medley was assigned to a unit while it was designated as "Quarantine in Place."  As a member of the Unit Team, plaintiff Medley was in contact with incoming inmates as soon as they completed processing through R&D. Plaintiff Medley was also given the responsibility of feeding the inmates.  Plaintiff Medley worked overtime in hospitals and performing prisoner transportation, where she was further exposed to the novel corona virus.  As of today (2022), plaintiff Medley is still working in isolation and/or quarantine units.  Plaintiff

Medley received at least one memo advising her of possible or actual exposure to the novel corona virus, and plaintiff Medley contracted COVID-19.

103.  Plaintiff Freddie Mickens is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Education Specialist, GS-11, Step 4, at FCI Aliceville. Prior to March 2022, plaintiff Mickens was employed as a General Schedule Education Specialist, GS-11, Step 2, at FCI Aliceville.  At various times within the last six years, plaintiff Mickens has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Mickens is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Mickens worked in the A-2, A-3, B-2, C-3, and C-4 housing units at FCI Aliceville, along with the Special Housing Unit.  The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas.  Additionally, plaintiff Mickens was assigned to a unit while it was designated as "Quarantine in Place." Plaintiff Mickens conducted educational screenings on all incoming inmates.  Plaintiff Mickens's position as a Strike Team officer required him to feed and shower the inmates in the quarantine units.  Plaintiff Mickens was also given the responsibility of distributing feminine hygiene products to the inmates.  Plaintiff Mickens worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  As of today (2022), plaintiff Mickens is still working in isolation and/or quarantine units.  Plaintiff Mickens never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Mickens contracted COVID-19.

104.  Plaintiff Justin Moore is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade

Cook Foreman, WS-8, Step 2, at FCI Aliceville.  At various times within the last six years, plaintiff Moore has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Moore is entitled to "environmental differential pay" for each such day.  Additionally, prior to August of 2021, plaintiff Moore was employed as a General Schedule Correctional Officer, GS-8, Step 4, at FCI Aliceville.  At various times within the last six years, plaintiff Moore has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Moore is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Moore worked in all housing units at FCI Aliceville, along with the Special Housing Unit.  The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas.  Additionally, plaintiff Moorewas assigned to a unit while it was designated as "Quarantine in Place."  Plaintiff Moore's position as a Compound officer required him to escort COVID-positive inmates from the housing units to the quarantine units and from Receiving & Discharge to the housing units.  Plaintiff Moore was also given the responsibility of feeding the inmates and distributing feminine hygiene products to the inmates.  Plaintiff Moore worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  As of today (2022), plaintiff Moore is still working in isolation and/or quarantine units.  Plaintiff Moore received at least one memo advising him of possible or actual exposure to the novel corona virus.

105.  Plaintiff Laura Morant is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Financial Program Specialist, GS-9, Step 9, at FCI Aliceville. At various times within

the last six years, plaintiff Morant has been required to perform duties involving unusual

physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as

detailed below, plaintiff Morant is entitled to "hazardous duty pay" for each such day.  At all

times relevant herein, plaintiff Morant worked in the B-4, C-3, and C-4 housing units at FCI

Aliceville.  The C-3 and C-4 housing units were designated quarantine areas.  Plaintiff Morant's

position as a Strike Team officer required her to feed and shower the inmates in the quarantine

units.  Plaintiff Morant was also given the responsibility of distributing feminine hygiene

products to the inmates.  Plaintiff Morant worked multiple overtime shifts, where she was further

exposed to the novel corona virus.  As of today (2022), plaintiff Morant is still working in

isolation and/or quarantine units.  Plaintiff Morant received at least one memo advising her of

possible or actual exposure to the novel corona virus, and plaintiff Morant contracted COVID-

19.

106.  Plaintiff Mario Morning is an employee of Defendant United States of America

pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a

General Schedule Staff Chaplain, GS-12, Step 1, at FCI Aliceville. At various times within the

last six years, plaintiff Morning has been required to perform duties involving unusual physical

hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below,

plaintiff Morning is entitled to "hazardous duty pay" for each such day.  At all times relevant

herein, plaintiff Morning worked in the Alpha, Bravo, and Charlie housing units at FCI

Aliceville, along with the Special Housing Unit.  The C-3 and C-4 housing units and the Special

Housing Unit were designated quarantine areas.  Additionally, plaintiff Morning was assigned to

a unit while it was designated as "Quarantine in Place."  Plaintiff Morning was also given the

responsibility of feeding the inmates and distributing feminine hygiene products to the inmates.

Plaintiff Morning never received any memos advising him of possible or actual exposure to the novel corona virus.

107.   Plaintiff Fontella Nabors is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a Wage Grade Cook Foreman, WS-8, Step 5, at FCI Aliceville.  At various times within the last six years, plaintiff Nabors has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Nabors is entitled to "environmental differential pay" for each such day.  At all times relevant herein, plaintiff Nabors worked in Food Services at FCI Aliceville.  As an employee in Food Services, plaintiff Nabors was exposed to several staff members and inmates who were ill with the novel corona virus.  She also handled food carts that were being utilized by the quarantine units.  Plaintiff Nabors worked overtime in hospitals and performing prisoner transportation, where she was further exposed to the novel corona virus.  Plaintiff Nabors received at least one telephone call advising her of possible or actual exposure to the novel corona virus.

108.   Plaintiff LaRanda Nicholson is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Procurement and Property Specialist, GS-9, Step 8, at FCI Aliceville. At various times within the last six years, plaintiff Nicholson has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Nicholson is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Nicholson worked in the B-4, C-3, and C-4 housing units at FCI Aliceville, along with the Special Housing Unit.  The C-3 and C-4 housing units and

the Special Housing Unit were designated quarantine areas.  Additionally, plaintiff Nicholson

was assigned to a unit while it was designated as "Quarantine in Place."  Plaintiff Nicholson's

position as a Strike Team officer required her to feed and shower the inmates in the quarantine

units.  Plaintiff Nicholson was also given the responsibility of distributing feminine hygiene

products to the inmates.  As of today (2022), plaintiff Nicholson is still working in isolation

and/or quarantine units.  Plaintiff Nicholson received at least one memo advising her of possible

or actual exposure to the novel corona virus.

109.  Plaintiff Jason Orr is an employee of Defendant United States of America pursuant to

Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade

Material Handler Supervisor, WS-4, Step 3, at FCI Aliceville.  At various times within the last

six years, plaintiff Orr has been required to perform duties involving unusually severe working

conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and

therefore, as detailed below, plaintiff Orr is entitled to "environmental differential pay" for each

such day.  At all times relevant herein, plaintiff Orr worked in all housing units at FCI Aliceville,

along with the Special Housing Unit.  The C-3 and C-4 housing units and the Special Housing

Unit were designated quarantine areas.  Additionally, plaintiff Orr was assigned to a unit while it

was designated as "Quarantine in Place."  Plaintiff Orr's position as a Compound officer

required him to escort COVID-positive inmates from the housing units to the quarantine units

and from Receiving & Discharge to the housing units.  Plaintiff Orr was also given the

responsibility of feeding the inmates and distributing feminine hygiene products to the inmates.

Plaintiff Orr worked overtime in hospitals and performing prisoner transportation, where he was

further exposed to the novel corona virus.  As of today (2022), plaintiff Orr is still working in

isolation and/or quarantine units.  Plaintiff Orr received at least one memo advising him of

possible or actual exposure to the novel corona virus, and plaintiff Orr contracted COVID-19 twice.

110.  Plaintiff Ivy Pearson is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Senior Correctional Officer, GS-7, Step 3, at FCI Aliceville. Prior to May 2022, plaintiff Pearson was employed as a General Schedule Correctional Officer, GS-6, Step 2, at FCI Aliceville.  Prior to May 2021, plaintiff Pearson was employed as a General Schedule Correctional Officer, GS-5, Step 1, at FCI Aliceville.  At various times within the last six years, plaintiff Pearson has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Pearson is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Pearson worked in all housing units at FCI Aliceville, along with the Special Housing Unit.  The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas.  Additionally, plaintiff Pearson was assigned to a unit while it was designated as "Quarantine in Place."  Plaintiff Pearson's position as a Compound officer required her to escort COVID-positive inmates from the housing units to the quarantine units and from Receiving & Discharge to the housing units.  Plaintiff Pearson was also given the responsibility of feeding the inmates and distributing feminine hygiene products to the inmates.  Plaintiff Pearson worked multiple overtime shifts, where she was further exposed to the novel corona virus.  As of today (2022), plaintiff Pearson is still working in isolation and/or quarantine units.  Plaintiff Pearson never received any memos advising her of possible or actual exposure to the novel corona virus, and plaintiff Pearson contracted COVID-19 three (3) times.

111.  Plaintiff Thomas Phillips is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Vocational Instructor, GS-11, Step 5, at FCI Aliceville. At various times within the last six years, plaintiff Phillips has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Phillips is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Phillips worked in the Bravo and Charlie housing units at FCI Aliceville.  The C-3 and C-4 housing units were designated quarantine areas.  Additionally, plaintiff Phillips was assigned to a unit while it was designated as "Quarantine in Place." Plaintiff Phillips was also given the responsibility of feeding the inmates and distributing feminine hygiene products to the inmates.  As of today (2022), plaintiff Phillips is still working in isolation and/or quarantine units.  Plaintiff Phillips received at least one memo advising him of possible or actual exposure to the novel corona virus.

112.  Plaintiff Cassundra Pope is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Religious Services Assistant, GS-7, Step 6, at FCI Aliceville. Prior to April 25, 2021, plaintiff Pope was employed as a General Schedule Correctional Officer, GS-7, Step 6, at FCI Aliceville.  At various times within the last six years, plaintiff Pope has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Pope is entitled to "hazardous duty pay" for each such day.

113.  Plaintiff Christopher Preer is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a

General Schedule Correctional Systems Officer, GS-8, Step 7, at FCI Aliceville. At various times within the last six years, plaintiff Preer has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Preer is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Preer worked in multiple housing units at FCI Aliceville, including the designated quarantine areas.  Plaintiff Preer's position in Receiving & Discharge required him to have direct contact with all incoming inmates, including strip searches, fingerprinting, and searching of the inmates' mouths for contraband.  His position as a Compound officer required him to escort COVID-positive inmates from the housing units to the quarantine units and from Receiving & Discharge to the housing units, and his position as a Strike Team officer required him to feed and shower the inmates in the quarantine units. Plaintiff Preer worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  As of today (2022), plaintiff Preer is still working in R&D, bringing him into contact with all new incoming inmates.  Plaintiff Preer never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Preer contracted COVID-19.

114.  Plaintiff Delricko Price is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Systems Officer, GS-8, Step 5, at FCI Aliceville. Prior to April 25, 2021, plaintiff Price was employed as a General Schedule Senior Officer Specialist, GS-8, Step 5, at FCI Aliceville.  At various times within the last six years, plaintiff Price has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Price is entitled to "hazardous duty pay" for

each such day.  At all times relevant herein, plaintiff Price worked in the Special Housing Unit at FCI Aliceville.  The Special Housing Unit was a designated quarantine area.  Additionally, plaintiff Price was assigned to a unit while it was designated as "Quarantine in Place."  Plaintiff Price's position in Receiving & Discharge required him to have direct contact with all incoming inmates, including strip searches, fingerprinting, and searching of the inmates' mouths for contraband.  Plaintiff Price's position as a Compound officer required him to escort COVID-positive inmates from the housing units to the quarantine units and from Receiving & Discharge to the housing units.  Plaintiff Price was also given the responsibility of feeding the inmates and distributing feminine hygiene products to the inmates.  Plaintiff Price worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  Plaintiff Price received at least one memo advising him of possible or actual exposure to the novel corona virus.

115.  Plaintiff Sabrina Reed is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Case Manager, GS-11, Step 7, at FCI Aliceville. At various times within the last six years, plaintiff Reed has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Reed is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Reed worked in all housing units at FCI Aliceville, along with the Special Housing Unit.  The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas. Additionally, plaintiff Reed was assigned to a unit while it was designated as "Quarantine in Place."  Plaintiff Reed's position in Receiving & Discharge required her to have direct contact with all incoming inmates, including strip searches, fingerprinting, and searching of the inmates'

mouths for contraband. As a member of the Unit Team, plaintiff Reed was in contact with

incoming inmates as soon as they completed processing through R&D.  Plaintiff Reed's position

as a Strike Team officer required her to feed and shower the inmates in the quarantine units.

Plaintiff Reed was also given the responsibility of distributing feminine hygiene products to the

inmates.  As of today (2022), plaintiff Reed is still working in isolation and/or quarantine units.

Plaintiff Reed received at least one telephone call advising her of possible or actual exposure to

the novel corona virus.

116.  Plaintiff Earwin Robinson is an employee of Defendant United States of America

pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a

General Schedule IT Specialist, GS-11, Step 5, at FCI Aliceville. At various times within the last

six years, plaintiff Robinson has been required to perform duties involving unusual physical

hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below,

plaintiff Robinson is entitled to "hazardous duty pay" for each such day.  At all times relevant

herein, plaintiff Robinson worked in all housing units at FCI Aliceville, along with the Special

Housing Unit.  The C-3 and C-4 housing units and the Special Housing Unit were designated

quarantine areas.  Additionally, plaintiff Robinson was assigned to a unit while it was designated

as "Quarantine in Place."  Plaintiff Robinson worked at the screening site, bringing him into

contact with self-surrender inmates as well as all employees and visitors entering and exiting the

Institution.  Plaintiff Robinson's position as a Strike Team officer required him to feed and

shower the inmates in the quarantine units.  Plaintiff Robinson worked overtime in hospitals and

performing prisoner transportation, where he was further exposed to the novel corona virus.  As

of today (2022), plaintiff Robinson is still working in isolation and/or quarantine units.  Plaintiff

Robinson received at least one memo advising him of possible or actual exposure to the novel corona virus.

117.   Plaintiff Michelle Rogers is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Drug Abuse Treatment Specialist, GS-9, Step 5, at FCI Aliceville. At various times within the last six years, plaintiff Rogers has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Rogers is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Rogers worked in multiple housing units at FCI Aliceville, including the designated quarantine areas.  Additionally, plaintiff Rogers was assigned to a unit while it was designated as "Quarantine in Place."  Plaintiff Rogers's position in Receiving & Discharge required her to have direct contact with all incoming inmates, including strip searches, fingerprinting, and searching of the inmates' mouths for contraband. Plaintiff Rogers's position as a Compound officer required her to escort COVID-positive inmates from the housing units to the quarantine units and from Receiving & Discharge to the housing units, and her position as a Strike Team officer required her to feed and shower the inmates in the quarantine units.  Plaintiff Rogers was also given the responsibility of distributing feminine hygiene products to the inmates.  Plaintiff Rogers worked overtime in hospitals and performing prisoner transportation, where she was further exposed to the novel corona virus.  Additionally, plaintiff Rogers was sent on TDY to USP Atlanta, increasing her risk of exposure exponentially. As of today (2022), plaintiff Rogers is still working in isolation and/or quarantine units.  Plaintiff Rogers received at least one telephone call advising her of possible or actual exposure to the novel corona virus, and plaintiff Rogers contracted COVID-19.

118.  Plaintiff Twyla Roulhac is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Accounting Technician, GS-7, Step 9, at FCI Aliceville.  Prior to July 2020, plaintiff Roulhac was employed as a General Schedule Senior Correctional Officer, GS-7, Step 8, at FCI Aliceville.  At various times within the last six years, plaintiff Roulhac has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Roulhac is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Roulhac worked in all housing units at FCI Aliceville, along with the Special Housing Unit.  The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas.  Additionally, plaintiff Roulhac was assigned to a unit while it was designated as "Quarantine in Place."  Plaintiff Roulhac's position as a Compound officer required her to escort COVID-positive inmates from the housing units to the quarantine units and from Receiving & Discharge to the housing units, and her position as a Strike Team officer required her to feed and shower the inmates in the quarantine units.  Plaintiff Roulhac was also given the responsibility of distributing feminine hygiene products to the inmates.  Plaintiff Roulhac worked overtime in hospitals and performing prisoner transportation, where she was further exposed to the novel corona virus.  As of today (2022), plaintiff Roulhac is still working in isolation and/or quarantine units.  Plaintiff Roulhac received at least one memo advising her of possible or actual exposure to the novel corona virus, and plaintiff Roulhac contracted COVID-19.

119.  Plaintiff Antwoin Scott is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Correctional Officer, GS-7, Step 4, at FCI Aliceville. At various times within

the last six years, plaintiff Scott has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Scott is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Scott worked in multiple housing units at FCI Aliceville, including the designated quarantine areas.  Additionally, plaintiff Scott was assigned to a unit while it was designated as "Quarantine in Place."  Plaintiff Scott's position as a Compound officer required him to escort COVID-positive inmates from the housing units to the quarantine units and from Receiving & Discharge to the housing units.  Plaintiff Scott was also given the responsibility of feeding the inmates and distributing feminine hygiene products to the inmates.  Plaintiff Scott worked multiple overtime shifts, where he was further exposed to the novel corona virus.  As of today (2022), plaintiff Scott is still working in isolation and/or quarantine units.  Plaintiff Scott never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Scott contracted COVID-19.

120.  Plaintiff Chase Sealy is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Treatment Specialist, GS-11, Step 4, at FCI Aliceville. Prior to August 29, 2021, plaintiff Sealy was employed as a General Schedule Correctional Treatment Specialist, GS-9, Step 7, at FCI Aliceville.  Prior to August 30, 2020, plaintiff Sealy was employed as a General Schedule Senior Correctional Officer, GS-7, Step 10, at FCI Aliceville.  At various times within the last six years, plaintiff Sealy has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Sealy is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Sealy worked in the Camp and the B-1, B-2, C-1, C-2, C-3, and

C-4 housing units at FCI Aliceville, along with the Special Housing Unit.  The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas.  Additionally, plaintiff Sealy was assigned to a unit while it was designated as "Quarantine in Place."  As a member of the Unit Team, plaintiff Sealy was in contact with incoming inmates as soon as they completed processing through R&D.  Plaintiff Sealy's position as a Strike Team officer required him to feed and shower the inmates in the quarantine units.  Plaintiff Sealy was also given the responsibility of distributing feminine hygiene products to the inmates.  Plaintiff Sealy worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  As of today (2022), plaintiff Sealy is still working in isolation and/or quarantine units.  Plaintiff Sealy received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Sealy contracted COVID-19.

121.  Plaintiff Lawrence Shaffer is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 4, at FCI Aliceville. At various times within the last six years, plaintiff Shaffer has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Shaffer is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Shaffer worked in multiple housing units at FCI Aliceville, along with the Special Housing Unit.  The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas.  Plaintiff Shaffer's position as a Compound officer required him to escort COVID-positive inmates from the housing units to the quarantine units and from Receiving & Discharge to the housing units.  Plaintiff Shaffer was also given the responsibility of feeding the inmates and distributing feminine hygiene products to the inmates.  Plaintiff

Shaffer worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  As of today (2022), plaintiff Shaffer is still working in isolation and/or quarantine units.  Plaintiff Shaffer never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Shaffer contracted COVID-19.

122.  Plaintiff Ashley Smith is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Senior Correctional Officer, GS-7, Step 1, at FCI Aliceville. At various times within the last six years, plaintiff Smith has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Smith is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Smith worked in the Alpha,Bravo, and Charlie housing units at FCI Aliceville. The C-3 and C-4 housing units were designated quarantine areas.  Additionally, plaintiff Smith was assigned to a unit while it was designated as "Quarantine in Place."  Plaintiff Smith was also given the responsibility of feeding the inmates.  Plaintiff Smith worked multiple overtime shifts, where she was further exposed to the novel corona virus.  As of today (2022), plaintiff Smith is still working in isolation and/or quarantine units.  Plaintiff Smith never received any memos advising her of possible or actual exposure to the novel corona virus.

123.  Plaintiff LaDavian Smith is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Cook Foreman, WS-8, Step 2, at FCI Aliceville.  At various times within the last six years, plaintiff Smith has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and

therefore, as detailed below, plaintiff Smith is entitled to "environmental differential pay" for each such day.  At all times relevant herein, plaintiff Smith worked in the A-3, C-3, and C-4 housing units at FCI Aliceville, along with the Special Housing Unit.  The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas.  Plaintiff Smith's position assisting in Receiving & Discharge required him to have direct contact with all incoming inmates, including strip searches, fingerprinting, and searching of the inmates' mouths for contraband.  Plaintiff Smith's position as a Compound officer required him to escort COVID-positive inmates from the housing units to the quarantine units and from Receiving & Discharge to the housing units.  Plaintiff Smith was also given the responsibility of feeding the inmates. Plaintiff Smith worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  As of today (2022), plaintiff Smith is still working in isolation and/or quarantine units.  Plaintiff Smith never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Smith contracted COVID-19.

124.  Plaintiff Brian Sparks is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Maintenance Worker Supervisor, WS-8, Step 5, at FCI Aliceville.  At various times within the last six years, plaintiff Sparks has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Sparks is entitled to "environmental differential pay" for each such day.  At all times relevant herein, plaintiff Sparks worked in the Alpha, Bravo, and Charlie housing units at FCI Aliceville, along with the Special Housing Unit.  The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas.  Additionally,

plaintiff Sparks was assigned to a unit while it was designated as "Quarantine in Place." Plaintiff Sparks's position as a Compound officer required him to escort COVID-positive inmates from the housing units to the quarantine units and from Receiving & Discharge to the housing units, and his position as a Strike Team officer required him to feed and shower the inmates in the quarantine units. Plaintiff Sparks was also given the responsibility of distributing feminine hygiene products to the inmates. Plaintiff Sparks worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus. As of today (2022), plaintiff Sparks is still working in isolation and/or quarantine units. Plaintiff Sparks never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Sparks contracted COVID-19.

125.   Plaintiff Kimberlin Speight is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Religious Services Assistant, GS-7, Step 10, at FCI Aliceville. At various times within the last six years, plaintiff Speight has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Speight is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Speight worked in various housing units at FCI Aliceville, including the designated quarantine areas. Plaintiff Speight was also given the responsibility of feeding the inmates and distributing feminine hygiene products to the inmates. Plaintiff Speight never received any memos advising her of possible or actual exposure to the novel corona virus, and plaintiff Speight contracted COVID-19.

126.   Plaintiff Kynard Speight is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a

General Schedule Correctional Officer, GS-6, Step 2, at FCI Aliceville. Prior to December 6, 2021, plaintiff Speight was employed as a General Schedule Correctional Officer, GS-5, Step 1, at FCI Aliceville. At various times within the last six years, plaintiff Speight has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Speight is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Speight worked in all housing units at FCI Aliceville, along with the Special Housing Unit. The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas. Additionally, plaintiff Speight was assigned to a unit while it was designated as "Quarantine in Place." Plaintiff Speight's position as a Compound officer required him to escort COVID-positive inmates from the housing units to the quarantine units and from Receiving & Discharge to the housing units. Plaintiff Speight was also given the responsibility of feeding the inmates and distributing feminine hygiene products to the inmates. Plaintiff Speight worked multiple overtime shifts, where he was further exposed to the novel corona virus. As of today (2022), plaintiff Speight is still working in isolation and/or quarantine units. Plaintiff Speight received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Speight contracted COVID-19.

127. Plaintiff Jhrron Spencer is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a General Schedule Mentor Coordinator, GS-9, Step 7, at FCI Aliceville. Prior to October 2021, plaintiff Spencer was employed as a General Schedule Correctional Systems Officer, GS-8, Step 6, at FCI Aliceville. At various times within the last six years, plaintiff Spencer has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Spencer is entitled to

"hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Spencer worked in all housing units at FCI Aliceville, along with the Special Housing Unit.  The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas.  Additionally, plaintiff Spencer was assigned to a unit while it was designated as "Quarantine in Place." Plaintiff Spencer's position in Receiving & Discharge required him to have direct contact with all incoming inmates, including strip searches, fingerprinting, and searching of the inmates' mouths for contraband.  Plaintiff Spencer's position as a Compound officer required him to escort COVID-positive inmates from the housing units to the quarantine units and from Receiving & Discharge to the housing units, and his position as a Strike Team officer required him to feed and shower the inmates in the quarantine units.  Plaintiff Spencer worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  As of today (2022), plaintiff Spencer is still working in isolation and/or quarantine units.  Plaintiff Spencer received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Spencer contracted COVID-19.

128.  Plaintiff Tonya Spicer is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Drug Abuse Treatment Specialist, GS-9, Step 1, at FCI Aliceville. Prior to October 2022, plaintiff Spicer was employed as a General Schedule Correctional Officer, GS-6, Step 2, at FCI Aliceville.  At various times within the last six years, plaintiff Spicer has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Spicer is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Spicer worked in multiple housing units at FCI Aliceville, including the designated quarantine areas.  Additionally, plaintiff Spicer was

assigned to a unit while it was designated as "Quarantine in Place." Plaintiff Spicer's position as a Compound officer required her to escort COVID-positive inmates from the housing units to the quarantine units and from Receiving & Discharge to the housing units. Plaintiff Spicer was also given the responsibility of feeding the inmates and distributing feminine hygiene products to the inmates. Plaintiff Spicer worked multiple overtime shifts, where she was further exposed to the novel corona virus. As of today (2022), plaintiff Spicer is still working in isolation and/or quarantine units. Plaintiff Spicer never received any memos advising her of possible or actual exposure to the novel corona virus, and plaintiff Spicer contracted COVID-19.

129. Plaintiff Mishika Stafford is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Senior Correctional Officer, GS-7, Step 3, at FCI Aliceville. At various times within the last six years, plaintiff Stafford has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Stafford is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Stafford worked in the A-1, A-3, and A-4 housing units at FCI Aliceville, along with the Special Housing Unit. The Special Housing Unit was a designated quarantine area. Plaintiff Stafford's position as a Compound officer required her to escort COVID-positive inmates from the housing units to the quarantine units and from Receiving & Discharge to the housing units. Plaintiff Stafford was also given the responsibility of feeding the inmates and distributing feminine hygiene products to the inmates. Plaintiff Stafford worked overtime in hospitals and performing prisoner transportation, where she was further exposed to the novel corona virus. Plaintiff Stafford received at least one memo advising her of possible or actual exposure to the novel corona virus, and plaintiff Stafford contracted COVID-19.

130.  Plaintiff Shyniece Sterling is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Correctional Officer, GS-6, Step 2, at FCI Aliceville. At various times within the last six years, plaintiff Sterling has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Sterling is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Sterling worked in the Alpha, Bravo, and Charlie housing units at FCI Aliceville, along with the Special Housing Unit.  The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas.  Additionally, plaintiff Sterling was assigned to a unit while it was designated as "Quarantine in Place."  Plaintiff Sterling's position as a Compound officer required her to escort COVID-positive inmates from the housing units to the quarantine units.  Plaintiff Sterling was also given the responsibility of feeding the inmates and distributing feminine hygiene products to the inmates.  Plaintiff Sterling worked multiple overtime shifts, where she was further exposed to the novel corona virus.  As of today (2022), plaintiff Sterling is still working in isolation and/or quarantine units.  Plaintiff Sterling never received any memos advising her of possible or actual exposure to the novel corona virus, and plaintiff Sterling contracted COVID-19.

131.  Plaintiff Makeldric Strawter is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Correctional Officer, GS-7, Step 4, at FCI Aliceville. At various times within the last six years, plaintiff Strawter has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Strawter is entitled to "hazardous duty pay" for each such day.  At all

times relevant herein, plaintiff Strawter worked in the A-4, B-2, B-4, C-3, and C-4 housing units at FCI Aliceville.  The C-3 and C-4 housing units were designated quarantine areas. Additionally, plaintiff Strawter was assigned to a unit while it was designated as "Quarantine in Place."  Plaintiff Strawter was also given the responsibility of distributing feminine hygiene products to the inmates. Plaintiff Strawter worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Strawter received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Strawter contracted COVID-19.

132.  Plaintiff Joffrey Strickland is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Recreation Specialist, GS-9, Step 1, at FCI Aliceville. At various times within the last six years, plaintiff Strickland has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Strickland is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Strickland worked in the C-3 and C-4 housing units at FCI Aliceville, along with the Special Housing Unit.  The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas.  Additionally, plaintiff Strickland was assigned to a unit while it was designated as "Quarantine in Place."  Plaintiff Strickland was also given the responsibility of feeding the inmates and distributing feminine hygiene products to the inmates. Plaintiff Strickland worked multiple overtime shifts, where he was further exposed to the novel corona virus.  As of today (2022), plaintiff Strickland is still working in isolation and/or quarantine units.  Plaintiff Strickland received at least one memo advising him of possible or actual exposure to the novel corona virus.

133.  Plaintiff Jason Sullivan is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 6, at FCI Aliceville. At various times within the last six years, plaintiff Sullivan has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Sullivan is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Sullivan worked in the Special Housing Unit at FCI Aliceville, which was a designated quarantine area.  Additionally, plaintiff Sullivan was assigned to a unit while it was designated as "Quarantine in Place."  Plaintiff Sullivan's position as a Compound officer required him to escort COVID-positive inmates from the housing units to the quarantine units and from Receiving & Discharge to the housing units.  Plaintiff Sullivan was also given the responsibility of feeding the inmates and distributing feminine hygiene products to the inmates. Plaintiff Sullivan worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  As of today (2022), plaintiff Sullivan is still working in isolation and/or quarantine units.  Plaintiff Sullivan never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Sullivan contracted COVID-19.

134.  Plaintiff Joseph Tennyson is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Electronics Technician, GS-11, Step 7, at FCI Aliceville. At various times within the last six years, plaintiff Tennyson has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Tennyson is entitled to "hazardous duty pay" for each such day.  At

all times relevant herein, plaintiff Tennyson worked in all housing units at FCI Aliceville, along with the Special Housing Unit.  The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas.  Additionally, plaintiff Tennyson was assigned to a unit while it was designated as "Quarantine in Place."  Plaintiff Tennyson's position as a Compound officer required him to escort COVID-positive inmates from the housing units to the quarantine units and from Receiving & Discharge to the housing units, and his position as a Strike Team officer required him to feed and shower the inmates in the quarantine units.  Plaintiff Tennyson was also given the responsibility of distributing feminine hygiene products to the inmates.  Plaintiff Tennyson worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  As of today (2022), plaintiff Tennyson is still working in isolation and/or quarantine units.  Plaintiff Tennyson received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Tennyson contracted COVID-19.

135.  Plaintiff Robert Tennyson is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Plumbing Detail Supervisor, WS-8, Step 5, at FCI Aliceville.  At various times within the last six years, plaintiff Tennyson has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Tennyson is entitled to "environmental differential pay" for each such day.  At all times relevant herein, plaintiff Tennyson worked in all housing units at FCI Aliceville, along with the Special Housing Unit.  The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas.  Additionally, plaintiff Tennyson was assigned to a unit while it was designated as "Quarantine in Place."  Plaintiff Tennyson's

position in Receiving & Discharge required him to have direct contact with all incoming inmates, including strip searches, fingerprinting, and searching of the inmates' mouths for contraband. Plaintiff Tennyson's position as a Compound officer required him to escort COVID-positive inmates from the housing units to the quarantine units and from Receiving & Discharge to the housing units, and his position as a Strike Team officer required him to feed and shower the inmates in the quarantine units. Plaintiff Tennyson was also given the responsibility of distributing feminine hygiene products to the inmates. Plaintiff Tennyson worked multiple overtime shifts, where he was further exposed to the novel corona virus. As of today (2022), plaintiff Tennyson is still working in isolation and/or quarantine units. Plaintiff Tennyson received at least one memo advising him of possible or actual exposure to the novel corona virus.

136. Plaintiff William Toothman is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a FCI Milan; however, prior to October 3, 2022, plaintiff Toothman was employed as a General Schedule Senior Officer Specialist, GS-8, Step 7, at FCI Aliceville. At various times within the last six years, plaintiff Toothman has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Toothman is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Toothman worked in the Camp and the A-1, A-2, A-3, B-1, B-3, B-4, C-1, C-2, and C-3 housing units at FCI Aliceville, along with the Special Housing Unit. The C-3 housing unit and the Special Housing Unit were designated quarantine areas. Additionally, plaintiff Toothman was assigned to a unit while it was designated as "Quarantine in Place." Plaintiff Toothman's position as a Compound officer required him to escort COVID-positive inmates from the housing units to the quarantine units and from Receiving & Discharge to the housing

units.  Plaintiff Toothman was also given the responsibility of feeding the inmates and distributing feminine hygiene products to the inmates.  Plaintiff Toothman worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  Plaintiff Toothman received at least one memo advising him of possible or actual exposure to the novel corona virus.

137.  Plaintiff Bryant Turner is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-6, Step 2, at FCI Aliceville. Prior to March 2022, plaintiff Turner was employed as a General Schedule Correctional Officer, GS-5, Step 1, at FCI Aliceville.  At various times within the last six years, plaintiff Turner has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Turner is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Turner worked in the Alpha, Bravo, and Charlie housing units at FCI Aliceville.  The C-3 and C-4 housing units were designated quarantine areas.  Additionally, plaintiff Turner was assigned to a unit while it was designated as "Quarantine in Place."  Plaintiff Turner's position as a Compound officer required him to escort COVID-positive inmates from the housing units to the quarantine units and from Receiving & Discharge to the housing units, and his position as a Strike Team officer required him to feed and shower the inmates in the quarantine units.  Plaintiff Turner was also given the responsibility of distributing feminine hygiene products to the inmates.  Plaintiff Turner worked multiple overtime shifts, where he was further exposed to the novel corona virus.  As of today (2022), plaintiff Turner is still working in isolation and/or quarantine units.  Plaintiff Turner never received any memos advising him of possible or actual exposure to the novel corona virus.

138.  Plaintiff Brent Unruh is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade HVAC Worker Supervisor, WS-9, Step 3, at FCI Aliceville.  At various times within the last six years, plaintiff Unruh has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Unruh is entitled to "environmental differential pay" for each such day.  At all times relevant herein, plaintiff Uruh worked in the Alpha, Bravo, C-1, C-2, and C-4 housing units at FCI Aliceville.  The C-4 housing unit was a designated quarantine area. Plaintiff Uruh's position as a Strike Team officer required him to feed and shower the inmates in the quarantine units.  As of today (2022), plaintiff Uruh is still working in isolation and/or quarantine units.  Plaintiff Uruh received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Uruh contracted COVID-19.

139.  Plaintiff Christopher Walker is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Recreation Specialist, GS-9, Step 4, at FCI Aliceville. At various times within the last six years, plaintiff Walker has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Walker is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Walker worked in the Alpha, Bravo, and Charlie housing units at FCI Aliceville, along with the Special Housing Unit.  The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas.  Additionally, plaintiff Walker was assigned to a unit while it was designated as "Quarantine in Place."  Plaintiff Walker's position as a Compound officer required him to escort COVID-positive inmates from the housing units to

the quarantine units and from Receiving & Discharge to the housing units, and his position as a

Strike Team officer required him to feed and shower the inmates in the quarantine units.

Plaintiff Walker was also given the responsibility of distributing feminine hygiene products to

the inmates.  Plaintiff Walker worked overtime in hospitals and performing prisoner

transportation, where he was further exposed to the novel corona virus.  Plaintiff Walker

received at least one memo advising him of possible or actual exposure to the novel corona virus,

and plaintiff Walker contracted COVID-19.

140.  Plaintiff Jeffery Walker is an employee of Defendant United States of America

pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage

Grade Electrical Worker Supervisor, WS-9, Step 3, at FCI Aliceville.  At various times within

the last six years, plaintiff Walker has been required to perform duties involving unusually

severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. §

5343(c)(4), and therefore, as detailed below, plaintiff Walker is entitled to "environmental

differential pay" for each such day.  At all times relevant herein, plaintiff Walker worked in the

A-1, A-2, B-1, B-2, B-3, B-4, C-1, C-2, C-3, and C-4 housing units at FCI Aliceville, along with

the Special Housing Unit.  The C-3 and C-4 housing units and the Special Housing Unit were

designated quarantine areas.  Additionally, plaintiff Walker was assigned to a unit while it was

designated as "Quarantine in Place."  Plaintiff Walker's position as a Compound officer required

him to escort COVID-positive inmates from the housing units to the quarantine units and from

Receiving & Discharge to the housing units, and his position as a Strike Team officer required

him to feed and shower the inmates in the quarantine units.  Plaintiff Walker was also given the

responsibility of feeding the inmates and distributing feminine hygiene products to the inmates.

Plaintiff Walker worked multiple overtime shifts, where he was further exposed to the novel

corona virus.  As of today (2022), plaintiff Walker is still working in isolation and/or quarantine units.  Plaintiff Walker never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Walker contracted COVID-19.

141.  Plaintiff Adina Walters is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Correctional Systems Officer, GS-8, Step 6, at FCI Aliceville. At various times within the last six years, plaintiff Walters has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Walters is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Walters worked in the C-3 housing unit at FCI Aliceville, which was a designated quarantine area.  Additionally, plaintiff Walters was assigned to a unit while it was designated as "Quarantine in Place."  Plaintiff Walters's position in Receiving & Discharge required her to have direct contact with all incoming inmates, including strip searches, fingerprinting, and searching of the inmates' mouths for contraband.  Plaintiff Walters's position as a Compound officer required her to escort COVID-positive inmates from the housing units to the quarantine units and from Receiving & Discharge to the housing units, and her position as a Strike Team officer required her to feed and shower the inmates in the quarantine units.  Plaintiff Walters worked overtime in hospitals and performing prisoner transportation, where she was further exposed to the novel corona virus.  As of today (2022), plaintiff Walters is still working in R&D, bringing her into contact with all new incoming inmates.  Plaintiff Walters never received any memos advising her of possible or actual exposure to the novel corona virus, and plaintiff Walters contracted COVID-19.

142.  Plaintiff Joey Washington is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Warehouse Supervisor, WS-4, Step 5, at FCI Aliceville.  At various times within the last six years, plaintiff Davis has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Davis is entitled to "environmental differential pay" for each such day.  Additionally, prior to July of 2020, plaintiff Washington was employed as a General Schedule Senior Officer Specialist, GS-8, Step 5, at FCI Aliceville.  At various times within the last six years, plaintiff Washington has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Washington is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Washington worked in the control room and the Special Housing Unit at FCI Aliceville.  The Special Housing Unit was a designated quarantine area. Plaintiff Washington's position as a Compound officer required him to escort COVID-positive inmates from the housing units to the quarantine units and from Receiving & Discharge to the housing units.  Additionally, plaintiff Washington was responsible for processing all inmates entering SHU for the isolation/quarantine range.  Plaintiff Washington was also given the responsibility of distributing feminine hygiene products to the inmates.  Plaintiff Washington worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  Plaintiff Washington received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Washington contracted COVID-19.

143.  Plaintiff Matthew Weston is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-5, Step 1, at FCI Aliceville. At various times within the last six years, plaintiff Weston has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Weston is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Weston worked in the Alpha, Bravo, and Charlie housing units at FCI Aliceville, along with the Special Housing Unit.  The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas.  Additionally, plaintiff Weston was assigned to a unit while it was designated as "Quarantine in Place."  Plaintiff Weston's position as a Compound officer required him to escort COVID-positive inmates from the housing units to the quarantine units and from Receiving & Discharge to the housing units.  Plaintiff Weston was also given the responsibility of feeding the inmates and distributing feminine hygiene products to the inmates.  Plaintiff Weston worked multiple overtime shifts, where he was further exposed to the novel corona virus.  As of today (2022), plaintiff Weston is still working in isolation and/or quarantine units.  Plaintiff Weston never received any memos advising him of possible or actual exposure to the novel corona virus.

144.  Plaintiff Josh Wheatley is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Material Handler Supervisor, WS-4, Step 5, at FCI Aliceville.  At various times within the last six years, plaintiff Wheatley has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Wheatley is entitled to "environmental differential

pay" for each such day.  At all times relevant herein, plaintiff Wheatley worked in all housing units at FCI Aliceville, along with the Special Housing Unit.  The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas.  Plaintiff Wheatley's position as a Material Handler Supervisor required him to provide clothing and take sizes for incoming inmates.  He also had to go into every cell in the Institution to exchange soiled clothing and bedding, including removing clothing from inmate cells after the inmate had tested positive for COVID-19.  Plaintiff Wheatley also delivered commissary items to all housing units at the Institution.  Plaintiff Wheatley's position as a Compound officer required him to escort COVID-positive inmates from the housing units to the quarantine units and from Receiving & Discharge to the housing units, and his position as a Strike Team officer required him to feed and shower the inmates in the quarantine units.  Plaintiff Wheatley was also given the responsibility of distributing feminine hygiene products to the inmates.  Plaintiff Wheatley worked multiple overtime shifts, where he was further exposed to the novel corona virus.  As of today (2022), plaintiff Wheatley is still working in isolation and/or quarantine units.  Plaintiff Wheatley received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Wheatley contracted COVID-19.

145.  Plaintiff Brianna Williams is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Correctional Officer, GS-5, Step 1, at FCI Aliceville. At various times within the last six years, plaintiff Williams has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Williams is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Williams worked in the C-3 housing unit at FCI Aliceville, which

was a designated quarantine area.  Additionally, plaintiff Williams was assigned to a unit while it

was designated as "Quarantine in Place."  Plaintiff Williams screened and processed incoming

self-surrenders, which required her to have direct contact with all incoming inmates, including

strip searches, fingerprinting, and searching of the inmates' mouths for contraband. Plaintiff

Williams's position as a Compound officer required her to escort COVID-positive inmates from

the housing units to the quarantine units and from Receiving & Discharge to the housing units.

Plaintiff Williams was also given the responsibility of feeding the inmates and distributing

feminine hygiene products to the inmates.  Plaintiff Williams worked multiple overtime shifts,

where she was further exposed to the novel corona virus.  As of today (2022), plaintiff Williams

is still working in isolation and/or quarantine units.  Plaintiff Williams never received any

memos advising her of possible or actual exposure to the novel corona virus.

146.  Plaintiff Brittany Williams is an employee of Defendant United States of America

pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a

General Schedule Senior Correctional Officer, GS-7, Step 3, at FCI Aliceville. At various times

within the last six years, plaintiff Williams has been required to perform duties involving unusual

physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as

detailed below, plaintiff Williams is entitled to "hazardous duty pay" for each such day.  At all

times relevant herein, plaintiff Williams worked in all housing units at FCI Aliceville, including

the designated quarantine areas.  Additionally, plaintiff Williams was assigned to a unit while it

was designated as "Quarantine in Place."  Plaintiff Williams's position as a Compound officer

required her to escort COVID-positive inmates from the housing units to the quarantine units and

from Receiving & Discharge to the housing units, and her position as a Strike Team officer

required her to feed and shower the inmates in the quarantine units.  Plaintiff Williams was also

given the responsibility of distributing feminine hygiene products to the inmates. Plaintiff Williams worked multiple overtime shifts, where she was further exposed to the novel corona virus. As of today (2022), plaintiff Williams is still working in isolation and/or quarantine units. Plaintiff Williams never received any memos advising her of possible or actual exposure to the novel corona virus, and plaintiff Williams contracted COVID-19.

147. Plaintiff Jessica Williams is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. She is currently employed as a General Schedule Case Manager, GS-7, Step 3, at FCI Aliceville. At various times within the last six years, plaintiff Williams has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Williams is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Williams worked in the A-1, C-3, and C-4 housing units at FCI Aliceville, along with the Special Housing Unit. The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas. Additionally, plaintiff Williams was assigned to a unit while it was designated as "Quarantine in Place." As a member of the Unit Team, plaintiff Williams was in contact with incoming inmates as soon as they completed processing through R&D. Plaintiff Williams was also given the responsibility of feeding the inmates and distributing feminine hygiene products to the inmates. Plaintiff Williams worked overtime in hospitals and performing prisoner transportation, where she was further exposed to the novel corona virus. As of today (2022), plaintiff Williams is still working in isolation and/or quarantine units. Plaintiff Williams never received any memos advising her of possible or actual exposure to the novel corona virus.

148. Plaintiff Kendell Williams is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA. He is currently employed as a

General Schedule Teacher, GS-11, Step 4, at FCI Aliceville. At various times within the last six years, plaintiff Williams has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Williams is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Williams worked in the A (1-4), B-3, B-4, and C (1-4) housing units at FCI Aliceville, along with the Special Housing Unit.  The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas.  Plaintiff Williams's position as a Strike Team officer required him to feed and shower the inmates in the quarantine units.  Plaintiff Williams was also given the responsibility of distributing feminine hygiene products to the inmates.  Plaintiff Williams worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  As of today (2022), plaintiff Williams is still working in isolation and/or quarantine units.  Plaintiff Williams never received any memos advising him of possible or actual exposure to the novel corona virus.

149.  Plaintiff Billy Williamson is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Utility Systems Repairer Operator Supervisor, WS-8, Step 5, at FCI Aliceville.  At various times within the last six years, plaintiff Williamson has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Williamson is entitled to "environmental differential pay" for each such day.  At all times relevant herein, plaintiff Williamson worked in all housing units at FCI Aliceville, along with the Special Housing Unit. The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas. Additionally, plaintiff Williamson was assigned to a unit while it was designated as "Quarantine

in Place."  Plaintiff Williamson was also given the responsibility of feeding the inmates.

Plaintiff Williamson worked overtime in hospitals and performing prisoner transportation, where

he was further exposed to the novel corona virus.  As of today (2022), plaintiff Williamson is

still working in isolation and/or quarantine units.  Plaintiff Williamson received at least one

memo advising him of possible or actual exposure to the novel corona virus.

150.  Plaintiff Rayon Willis is an employee of Defendant United States of America pursuant

to Title 5 of the United States Code and the FLSA.  He is currently employed as a General

Schedule Trust Fund Specialist, GS-9, Step 4, at FCI Aliceville. At various times within the last

six years, plaintiff Willis has been required to perform duties involving unusual physical

hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below,

plaintiff Willis is entitled to "environmental differential pay" for each such day.  At all times

relevant herein, plaintiff Willis worked in all housing units at FCI Aliceville, along with the

Special Housing Unit.  The C-3 and C-4 housing units and the Special Housing Unit were

designated quarantine areas.  Plaintiff Willis's position as a Strike Team officer required him to

feed and shower the inmates in the quarantine units.  Plaintiff Willis received at least one memo

advising him of possible or actual exposure to the novel corona virus, and plaintiff Willis

contracted COVID-19.

151.  Plaintiff Lauren Zezulka is an employee of Defendant United States of America

pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a

General Schedule Case Manager, GS-11, Step 1, at FCI Aliceville.   Prior to April 2022, plaintiff

Zezulka was employed as a General Schedule Captain's Secretary, GS-6, Step 9, at FCI

Aliceville.  At various times within the last six years, plaintiff Zezulka has been required to

perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C.

§ 5545(d), and therefore, as detailed below, plaintiff Zezulka is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Zezulka worked in multiple housing units at FCI Aliceville, along with the Special Housing Unit.  The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas.  Additionally, plaintiff Zezulka was assigned to a unit while it was designated as "Quarantine in Place."  As a member of the Unit Team, plaintiff Zezulka was in contact with incoming inmates as soon as they completed processing through R&D. Plaintiff Zezulka's position as a Compound officer required her to escort COVID-positive inmates from the housing units to the quarantine units and from Receiving & Discharge to the housing units, and her position as a Strike Team officer required her to feed and shower the inmates in the quarantine units.  Plaintiff Zezulka was also given the responsibility of distributing feminine hygiene products to the inmates.  Plaintiff Zezulka worked overtime in hospitals and performing prisoner transportation, where she was further exposed to the novel corona virus.  As of today (2022), plaintiff Zezulka is still working in isolation and/or quarantine units.  Plaintiff Zezulka received at least one memo advising her of possible or actual exposure to the novel corona virus.

152.  Plaintiff Jason Zylstra is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Teacher, GS-11, Step 2, at FCI Aliceville. Prior to April 2022, plaintiff Zylstra was employed as a General Schedule Teacher, GS-11, Step 1, at FCI Aliceville.  Prior to April 2021, plaintiff Zylstra was employed as a General Schedule Teacher, GS-9, Step 3, at FCI Aliceville.  At various times within the last six years, plaintiff Zylstra has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Zylstra is entitled to "hazardous duty pay" for each such

day.  At all times relevant herein, plaintiff Zylstra worked in all housing units at FCI Aliceville, along with the Special Housing Unit.  The C-3 and C-4 housing units and the Special Housing Unit were designated quarantine areas.  Additionally, plaintiff Zylstra was assigned to a unit while it was designated as "Quarantine in Place."  Plaintiff Zylstra's position as a Compound officer required him to escort COVID-positive inmates from the housing units to the quarantine units and from Receiving & Discharge to the housing units, and his position as a Strike Team officer required him to feed and shower the inmates in the quarantine units.  As of today (2022), plaintiff Zylstra is still working in isolation and/or quarantine units.  Plaintiff Zylstra received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Zylstra contracted COVID-19.

153.  Each of the plaintiffs in this action is, or has been, an "employee" within the meaning of Title 5 of the U.S. Code, specifically 5 U.S.C. §§ 2105, 5102, and 5342, and within the meaning of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 203(e)(1).  Their consent to sue forms are attached hereto as Exhibit "A".

154.  Each of the plaintiffs is a current or former correctional worker employed by the U.S. Department of Justice, Bureau of Prisons, at FCI Aliceville in Aliceville, Alabama.  They have given their written consent to be party plaintiffs in this action pursuant to 29 U.S.C. § 216(b), and their consent to sue forms are attached as Exhibit A.  These written consent forms set forth each plaintiff's name and home address.

155.  The defendant, United States of America, is and at all material times has been, an employer under Title 5 of the U.S. Code, specifically 5 U.S.C. §§ 5102 and 5541.  In addition, defendant United States of America is, and at all material times has been, a "public agency" and "employer" within the meaning of the FLSA, 29 U.S.C. § 203(x) and § 203(d).  Defendant

employs, or has employed, the plaintiffs and other employees in similar activities and has its principal place of business in Washington, D.C.

## FACTS

156. At all times relevant herein, plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq*.

157. At all times relevant herein, plaintiffs have been suffered or permitted to work, and have in fact worked, in excess of the hourly levels specified in the FLSA, 29 U.S.C. § 207. As a result, at all times relevant herein, plaintiffs have been entitled to overtime compensation at a rate of not less than one and one-half times their regular rates of pay for the hours of overtime they have worked.

158. FCI Aliceville houses approximately 1,630 inmates[1] (female) in low security federal correctional institution with an adjacent minimum security satellite camp. Aliceville's entire complex employs more than 274 BOP correctional staff who provide daily correctional services to inmates.

159. FCI Aliceville learned of its first positive COVID-19 test result of an inmate on April 3, 2020. On April 7, 2020, the first staff member at FCI Aliceville tested positive for COVID-19.

160. Unlike many Government employees, plaintiffs cannot work remotely, even during a pandemic. This is because FCI Aliceville must be physically staffed 24 hours per day, 365 days per year with correctional workers, including plaintiffs.

161. Plaintiffs are charged with the primary job duty of maintaining the safety and security of the Institution at all times, in significant part by coming into close physical proximity with inmates and other correctional workers.

---

[1] FCI Aliceville (bop.gov) (Last visited October 20, 2022).

162.   The posts and/or positions to which plaintiffs have been assigned within the Institution involve prolonged, close-quarters exposure to coworkers and/or inmates, often in indoor or enclosed settings with inadequate ventilation or personal protective equipment.

163.     The housing units at FCI Aliceville consist of two-man cells.  The inmate housing units are sub-divided as follows:  2 sections/tiers per housing unit: bottom tier (cell numbers 101 to 132) and top tier (cell numbers 201 to 232).  FCI Aliceville is a 3 unit (A, B, C) two-sided (Alpha and Bravo), two-level facility, meaning the second floor houses the Charlie and Delta housing units (each being a double tiered unit). The SHU (Special Housing Unit (SHU is a single floor three range housing unit with an adjacent recreation yard (cell numbers for A range: 101 to 112; B range: 113 to 132; and C range: 133-148).

164.  At the beginning of the pandemic, C-3 and C-4 housing units were the designated isolation and/or quarantine areas for female incoming and outgoing inmate traffic. Additionally, the Special Housing Unit B range was the designated overflow quarantine area for incoming female inmate traffic. Special Housing Unit B range eventually became the designated isolation area for all inmates. C-3 was the designated quarantine unit for all incoming and outgoing inmates. However, due to the fact that all housing units share a ventilation system, attempts to isolate or quarantine COVID-positive inmates was largely ineffective. Therefore, throughout the pandemic, all housing units had inmates who tested positive for the COVID-19 virus (Novel Corona Virus SARS-CoV-2) and thus FCI Aliceville entered mass testing and lock down status several times. There were several times during the pandemic that outbreaks occurred but mass testing did not occur. Staff were not always notified of possible exposure.

**The Novel Corona Virus 2019**

165.  COVID-19 is a disease caused by infection with the Novel Corona Virus SARS-CoV-2.

166.  The Virus spreads most commonly "between people who are in close contact with one another" through droplets and aerosols "produced when an infected person coughs, sneezes, sings, talks, or breathes." *See* Ctrs. for Disease Control (CDC), Frequently Asked Questions, "Spread," https://www.cdc.gov/coronavirus/2019-ncov/faq.html#Spread. It "can also land on surfaces and objects and be transferred by touch." *Id.*

167.  SARS-CoV-2 is a virus which, when introduced to the body, is likely to cause serious disease or fatality. The Centers for Diseases Control and Prevention ("CDC") has determined that COVID-19, the disease caused by the infection of SARS-CoV-2 meets the definition for "severe acute respiratory syndromes" as set forth in Executive Order 13295, as amended by Executive Orders 13375 and 13674, and, therefore, is a "quarantinable communicable disease." See Office of Pers. Mgmt., CPM 2020-05, Coronavirus Disease 2019 (COVID-19): Additional Guidance (March 7, 2020), available at https://www.chcoc.gov/content/coronavirus-disease-2019-covid-19-additional-guidance.  COVID-19 can cause symptoms ranging from mild illness to severe illness.  See Coronavirus Disease 2019 (COVID-19), Symptoms of Coronavirus, CDC, https://www.cdc.gov/coronavirus/2019-ncov/symptoms-testing/symptoms.html (last visited June 3, 2021).

168.  COVID-19 is often fatal.  More than 4,098,758 people worldwide, including more than 603,000 in the United States, have died from COVID-19.  See Coronavirus disease (COVID-19) pandemic, World Health Organization ("WHO"), https://www.who.int/emergencies/diseases/novel-coronavirus-2019 (last visited June 24, 2021); Coronavirus Disease 2019 (COVID-19), Cases in the U.S., CDC,

https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html (last visited July 20, 2021).

169.  COVID-19 spreads "very easily from person to person" and has been characterized as a pandemic by WHO.  Coronavirus Disease 2019 (COVID-19), How COVID-19 Spreads, CDC, https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/how-covid-spreads.html (last visited June 3, 2021).

170.  SARS-CoV-2 can be spread by touching infected objects or surfaces and by breathing in areas where an infected person has coughed or exhaled.  As WHO explains, "the virus can spread from an infected person's mouth or nose in small liquid particles when cough, sneeze, speak, sing, or breathe heavily... The virus can also spread after infected people sneeze, cough on, or touch surfaces, or objects, such as tables, doorknobs, and handrails."  Coronavirus disease (COVID-19): How is it transmitted? (July 9, 2020), https://www.who.int/news-room/q-a-detail/coronavirus-disease-covid-19-how-is-it-transmitted (open "How does COVID-19 spread between people?) (Last updated Oct. 20, 2020).

171.  According to researchers at the National Institutes of Health, SARS-CoV-2 can persist on surfaces for up to three (3) days.  Study suggests new coronavirus may remain on surfaces for days, Nat'l Institutes of Health, https://www.nih.gov/news-events/nih-research-matters/study-suggests-new-coronavirus-may-remain-surfaces-days (Mar. 24, 2020).  Accordingly, contact with an infected object or surface may present a risk of transmission for days from the time the object or surface becomes infected.

172.  A person who is infected with SARS-CoV-2 may not present symptoms immediately. Rather, there is an "incubation period" in which a person is infected but has not begun to present symptoms.  According to the WHO, "[t]he time from exposure to COVID-19 to the moment

when symptoms begin is, on average, 5-6 days and can range from 1-14 days." Q&A on

coronavirus (COVID-19), WHO (Apr. 17, 2020), https://www.who.int/news-room/q-a-detail/q-a-

coronaviruses (open "How long does it take to develop symptoms?") (last updated Oct. 20,

2020).

173.  An infected person may spread SARS-CoV-2  before he or she begins to present

significant symptoms.  As the WHO explains, "[w]hether or not they have symptoms, infected

people can be contagious and the virus can spread from them to other people.  Laboratory data

suggests that infected people appear to be most infectious just before they develop symptoms

(namely 2 days before they develop symptoms) and early in their illness."  Coronavirus disease

(COVID-19): How is it transmitted? (July 9, 2020), https://www.who.int/news-room/q-a-

detail/coronavirus-disease-covid-19-how-is-it-transmitted (open "When do infected people

transmit the virus?") (last updated Oct. 20, 2020).

174.  Correctional facilities present an especially hazardous environment for the spread of

virulent biologicals such as SARS-CoV-2.  As United States Department of Justice ("DOJ"),

Office of the Inspector General ("OIG") has explained, and according to the CDC, "the confined

nature of correctional facilities, combined with their congregant environments, heighten[s] the

potential for COVID-19 to spread once introduced into a facility."  Pandemic Response Report

21-012, Remote Inspection of Federal Medical Center Fort Worth, DOJ OIG (Dec. 15, 2020),

available at https://oig.justice.gov/sites/default/files/reports/20-012.pdf; see also Pandemic

Response Report 21-032, Remote Inspection of Federal Transfer Center Milan (Jan. 28, 2021),

available at https://oig.justice.gov/sites/default/files/reports/21-032.pdf.

175.  The CDC has also observed that "[c]orrectional and detention facilities face unique

challenges in the control of COVID-19." COVID-19 Management Assessment and Response

Tool (CMAR) for Correctional and Detention Facilities, CDC, CS 320395-A at 1 (Nov. 19, 2020), available at https://www.cdc.gov/coronavirus/2019-ncov/downloads/community/Manage-Assess-Response-Tool-508.pdf.  "Facilities include custody, housing, education, recreation, healthcare, food service, and workplace components in congregate settings, where recommended physical/social distancing may often be impractical."  Id.

176.  SARS-CoV-2 can spread in the air through droplets.

177.  SARS-CoV-2 can spread through aerosolization of the virus into the air.

178.   A single one-millimeter droplet may carry as many as ~50,000 viruses in case of a viral load of $10^8$ per milliliter respiratory fluid, which is realistic and higher than the estimated infectious dose for SARS-CoV-2.[2]

179.  Aerosols are physically defined as airborne solid or liquid particles with diameters smaller than 100 μm, which can remain suspended over extended periods of time. In medical studies, however, a threshold diameter of 5 μm has often been used to distinguish between a so-called "aerosol mode" and a "droplet mode".[3]

180.  Enrichment of viruses in the aerosol mode can enhance their transmission because smaller particles remain suspended for a longer time, leading to stronger accumulation and dispersion in the air.

---

[2] M. Imai, K. Iwatsuki-Horimoto, M. Hatta, S. Loeber, P. J. Halfmann, N. Nakajima, T. Watanabe, M. Ujie, K. Takahashi, M. Ito, S. Yamada, S. Fan, S. Chiba, M. Kuroda, L. Guan, K. Takada, T. Armbrust, A. Balogh, Y. Furusawa, M. Okuda, H. Ueki, A. Yasuhara, Y. Sakai-Tagawa, T. J. S. Lopes, M. Kiso, S. Yamayoshi, N. Kinoshita, N. Ohmagari, S. I. Hattori, M. Takeda, H. Mitsuya, F. Krammer, T. Suzuki, Y. Kawaoka, Syrian hamsters as a small animal model for SARS-CoV-2 infection and countermeasure development. Proc. Natl. Acad. Sci. U.S.A. 117, 16587–16595 (2020). doi:10.1073/pnas.2009799117pmid:32571934

[3] N. H. L. Leung, D. K. W. Chu, E. Y. C. Shiu, K.-H. Chan, J. J. McDevitt, B. J. P. Hau, H.-L. Yen, Y. Li, D. K. M. Ip, J. S. M. Peiris, W.-H. Seto, G. M. Leung, D. K. Milton, B. J. Cowling, Respiratory virus shedding in exhaled breath and efficacy of face masks. Nat. Med. 26, 676–680 (2020). doi:10.1038/s41591-020-0843-2pmid:32371934

181.   Aerosols have higher airborne virus concentrations, inhaled virus numbers, and infection risks – especially in densely occupied rooms with poor ventilation and long periods of exposure.

182.   Moreover, small aerosol particles have a higher penetration rate and higher probability of reaching the lower respiratory tract. [4]

### THE NOVEL CORONA VIRUS AT FCI ALICEVILLE

183.   As of October 20, 2022, 288 inmates at FCI Aliceville were confirmed to have recovered from the virus, along with 23 staff[5]. However, the accuracy of these numbers is dubious at best, especially when considering that of the 150 plaintiffs who returned supplemental information forms with the details set forth hereinabove, 87 of those plaintiffs contracted COVID-19.  While it cannot be definitively extrapolated to a definite number of cases, these plaintiffs are clear and convincing evidence that the numbers being reported by BOP are inaccurate.  If extremely limited research focused only on correctional workers revealed this much of a discrepancy, it is not improbable to assume that the number of reported COVID-positive inmates is also called into question.

184.   The defendant is in exclusive possession of relevant personnel files, records, and information, including, but not limited to, plaintiffs' dates of hire/separation, job descriptions, and work assignments.

185.   Defendant also retains records reflecting the names of employees and inmates who have had COVID-19, when they had COVID-19, and their locations in the Institution during that time of infection and potential infection.

---

[4] https://doi.org/10.1126/science.abg6296
[5] These are the numbers reported by BOP to OIG and shown on their "COVID dashboard" online.

186.  Each BOP facility has a daily roster of assignments for correctional workers, from which their location and movements throughout the day can be shown, as well as records reflecting the location and COVID-19 status of inmates at the Institution.  These records, as well as other evidence in the defendant's exclusive custody and control, will readily demonstrate plaintiffs' close proximity to the virulent biological COVID-19.

187.  Numerous staff absences during the COVID-19 outbreak at Aliceville forced some institution staff to work longer shifts—in some instances as much as 40 hours straight.

188.  Both before and during the documented outbreak of COVID-19 among the inmates and correctional workers at the Institution, plaintiffs have been assigned to individual posts and/or positions within the Institution for each shift.  Defendant maintains a record of each plaintiff's employment and daily assignments, going back to the plaintiff's first assignment within the Institution.  Accordingly, defendant knows the posts and/or positions to which each plaintiff has been assigned on a daily basis going back at least six years from today.

189.  Correctional staff and inmates in the housing units were not immediately advised of the inmates' positive results or instructed to wear appropriate PPE, including N95 respirators, goggles, gloves, and gowns, for close contact with COVID-19 infected individuals consistent with BOP guidance.

190.  Staff who were in close contact with inmates suspected or confirmed to have COVID-19 did not have access to an N95 respirator at the beginning of the Aliceville outbreak in mid- to late March despite a February 29 BOP directive and attached inmate screening tool that made clear that such staff should wear an N95 respirator.

191.  FCI Aliceville did not immediately separate COVID positive inmates from their cell mates or open bay mates who had pending test results.

192.  Additionally, when infected inmates were removed from their cells and transferred to isolation units, other inmates were moved into the cells that were vacated, in many instances, without any cleaning or sanitation of the cell between inmates.

193.  COVID-19, or the Novel Corona Virus, is spread via airborne droplets which can remain in the air for multiple minutes after each breath an infected individual takes, and can settle on surfaces and live for multiple hours.

194.  Employees who worked around inmates were inevitably exposed to these droplets which meet the definition of a viral biological and micro-organism.

195.  Plaintiffs regularly interact with inmates and come into close proximity or direct physical contact with members of the inmate population on a daily basis.  For example, whether at an assigned post or otherwise traveling within the Institution, plaintiffs are responsible for performing inmate "pat downs" requiring close proximity and direct physical contact with inmates.  Plaintiffs must also participate in other searches (e.g., of inmate living quarters) which put them in close proximity and physical contact with inmates and their personal effects. Plaintiffs are also required to clean inmate cells of bodily fluids and participate in prisoner transport to hospitals.

196.  Plaintiffs also come into close physical proximity with coworkers and inmates when performing daily job duties around the Institution, such as closely supervising inmates assigned to daytime activities ("work detail"), correcting inmate behavior, distributing equipment for use by inmates, escorting inmates throughout the Institution, and/or waiting in small, enclosed "sallyports" with coworkers and/or inmates.

197.  In addition, Plaintiffs come into close physical proximity and direct contact with coworkers when they engage in a required information and equipment exchange during the shift

exchange process for the 24-hour posts.  During this exchange, the outgoing correctional worker provides a critical verbal briefing to the oncoming officer or other correctional worker regarding security incidents and inmate information obtained during the prior shift.  The outgoing correctional worker also hands off a set of shared but required security equipment - including radios, keys, and OC spray- to the oncoming correctional worker.

198.  For the non-24-hour posts, staff arrives in the Institution (going through x-ray machine, sally port, administration building, and control center), exchanges chits for equipment for keys, OC spray, handcuffs, and repeats these steps at the end of the day/shift.  Regardless of post or assignments, plaintiffs must enter into the Institution for each shift, coming into close personal contact with coworkers and/or inmates, and physically touch equipment that is regularly handled by coworkers, including, but not limited to metal chains, metal accountability chits, keys, handcuffs, radios, and the radio charging stations located at each housing unit.

199.  Regardless of post or assignment, plaintiffs must also physically touch objects and surfaces throughout the Institution that are regularly handled by coworkers and inmates, including, but not limited to, door handles, security gates, cell doors, work stations/computes, logbooks, trash and trash receptacles, inmate effects and possessions, work tools, restroom surfaces, sinks and toilets, and other communal objects.

200.  Plaintiffs also work in close proximity to inmates and other coworkers potentially infected with COVID-19 when transporting prisoners in between institutions, when processing new arrivals and their personal effects, and when escorting new arrivals to points within FCI Aliceville.  As the OIG has admitted, "[a]ny time prisoners are moved, there is an inherent risk that the prisoner could transmit COVID-19 to other parties including the transporting officials, other prisoners, and staff or inmates of the destination facility." Review of the United States

Marshals Service's Response to the COVID-19 Pandemic, Audit Division 21-034, OIG (Feb. 3, 2021), available at https://oig.justice.gov/sites/default/files/reports/21-034.pdf.  "This is because of the necessary interactions between prisoners and staff that take place during transportation operations as well as the confined spaces of buses and aircraft, even when social distancing is encouraged."  *Id.*

201.  At FCI Aliceville, correctional workers were not and are not informed of the COVID-19 status of all transported inmates, even when that status is known by the Agency.  Plaintiffs, as well as the Institution as a whole, are at substantial risk of SARS-CoV-2 exposure with every interaction with transported prisoners, every prisoner escorted, and every new arrival processed.

202.  Numerous staff absences during the COVID-19 outbreak at Aliceville forced some Institution staff to work longer shifts – in some instances as much as 40 hours straight – and to move between COVID-positive units and non-COVID positive units, potentially becoming vectors of transmission.

203.  The foregoing exposure to areas, objects, surfaces, and/or individuals infected with SARS-CoV-2 was not taken into account in the classification of plaintiffs' positions.

204.  Defendant has not provided sufficient protective equipment nor measures to practically eliminate the hazard of exposure to SARS-CoV-2 at FCI Aliceville.  From the beginning of the pandemic until the present time, correctional workers were given one (1) N95 respirator.  CDC guidance provides that reusing an N95 respirator is not recommended; however, in the event that it must be, it should be re-used a maximum of five (5) times.  Further, not all employees were given N95 respirators; some were only issued cloth masks made by the Unicor facility at the Institution.

205.  Plaintiffs work in close proximity to SARS-CoV-2 at the Institution, and they have performed work that involves potential personal injury such as death, or temporary, partial, or complete loss of faculties or ability to work due to acute, prolonged, or chronic disease within the meaning of Subpart E of Part 532 of Title 5, Code of Federal Regulations.

206.  On March 21, 2020, the Federal Bureau of Prisons put the facility on "lock down" to try to stem the spread of the COVID-19 outbreak.

207.  FCI Aliceville did not promptly comply with BOP guidance that would have limited cross-contamination by preventing staff from working between facilities. We found that Aliceville used a complex-wide roster that allowed staff to work posts at any of the two facilities.

208.  Common equipment, such as radios and keys, was not regularly sanitized.

209.  Correctional Officers were assigned to work shifts at FCI, which had multiple COVID-19 cases, only to be mandated to work another shift at the Camp.  Officers who were assigned to guard COVID-positive inmates on an isolation ward at the local hospital might return to the Institution the next day and be assigned to work in the general population areas.  In this way, BOP's practice of "mandating" effectively served to increase the risks for everyone at the Institution, inmates and correctional staff alike.

## HAZARD PAY

210.  Plaintiffs Acklin, Willie Adams, Allison, Ball-Ivy, Cleon Bates, Stanley Bates, Beck, Bell, Bennett, Bonneau, Branch, Darious Brown, Bryant, Burns, Cano, Cargile, Carpenter, Chaney, Katy Cockrell, Cole, Collett, Cousette, Daniel, Daniels, Jessica Davis, Sarah Davis, Dent, Dixon, Maginn Donoho, Tyler Donoho, Eddins, Ellison, Elrod, Etheridge, John Fair, Kimberly Fair, Fason, Fincher, Flowers, Fountain, Frederick, Keneisha Garrett, Larissa Garrett, Gilliam, Hannah Golden, Kaidd Golden, Gray, Fredrick Harris, Sophia Harris, Hart, Hemby,

Hill, Arnell Hinton, Jessica Hinton, MaShanta Hinton, Holdiness, Holler, Ike, Ingram, Isaac, Melissa Jackson, Whitney Jackson, Joshlyn Jenkins, Robert Jenkins, Ebony C. Johnson, Ebony L. Johnson, E'Twana Johnson, Kermit Johnson, Phillip Johnson, Kinney, Lanier, Lee, Marshall, Mayfield, Mayo, McCrackin, McKay, McLaughlin, Medley, Mickens, Morant, Morning, Nicholson, Pearson, Phillips, Pope, Preer, Price, Reed, Robinson, Rogers, Roulhac, Scott, Sealy, Shaffer, Ashley Smith, Kimberlin Speight, Kynard Speight, Spencer, Spicer, Stafford, Sterling, Strawter, Strickland, Sullivan, Joseph Tennyson, Toothman, Turner, Christopher Walker, Walters, Weston, Brianna Williams, Brittany Williams, Jessica Williams, Kendell Williams, Willis, Zezulka, and Zylstra are all General Schedule Employees under 5 U.S.C. § 5545(d) and its regulations in 5 CFR 550 5 C.F.R. §§ 550.902

211.  Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 210 and including paragraph 210 of this Complaint.

212.  Section 5545(d) of Title 5 of the U.S. Code provides that the United States Office of Personnel Management (OPM) shall establish a schedule of pay differentials for duty by federal employees involving unusual physical hardship or hazard.  Section 5545(d) further provides that OPM prescribe "such minimum periods as it determines appropriate" during which an employee who performs duty involving physical hardship or hazard is entitled to hazardous duty pay.

213.  Pursuant to Section 5545(d) of Title 5, OPM has issued regulations at 5 C.F.R. §§ 550.901-550.907 pertaining to hazardous duty pay.  These regulations establish a schedule of hazardous pay differentials and provide, inter alia, that an employee who qualifies for hazardous duty pay shall be paid hazardous duty pay for each day that the employee is exposed to hazardous duty or physical hardship.

214.  The schedule of hazardous duty pay differentials that OPM has established in regulations  5 C.F.R. §§ 550.901-550.907 provides that agencies shall pay hazardous duty pay to employees who are exposed to virulent biologicals, such as the Novel Corona Virus, to which plaintiffs have been exposed.  They further provide that the hazardous duty pay differential which the agency shall pay the employees equals twenty-five percent (25%).

215.  Since at least March 2020, through the present and continuing and ongoing, plaintiffs and others similarly situated have performed work with or in close proximity to the novel corona virus, including, without limitation, work performed with or in close proximity to facilities, rooms, offices, workspaces, equipment, objects, surfaces, and/or individuals infected with the virus without sufficient protective devices.

216.  Although plaintiffs have been exposed to virulent biologicals, defendant has failed and refused, and continues to fail and refuse, to pay plaintiffs the twenty-five percent (25%) pay differential for each day that plaintiffs have been required to work in close proximity to COVID-19.  By failing and refusing to pay plaintiffs a twenty-five percent (25%) pay differential on these occasions, and continuing to fail and refuse to pay plaintiffs for this hazardous duty, the defendant has violated, and is continuing to violate, the provisions of Title 5 relating to hazardous duty pay at 5 U.S.C. § 5545(d).

217.  As a consequence of defendant's failure and refusal to pay plaintiffs hazardous duty pay at all times relevant herein, plaintiffs have been unlawfully deprived of hazardous duty pay and other relief for the maximum statutory period allowed under federal law.

218.  As a result of the defendant's willful and purposeful violations of Title 5, there has become due and owing to each plaintiff various amounts which have not yet been precisely determined.  The employment and work records, including each plaintiff's daily assignments

within the Institution, are in the exclusive possession, custody and control of defendant and its public agencies, and plaintiffs are unable to state at this time the exact amounts owing to each of them.  For example, the defendant is in exclusive possession of relevant personnel files and records reflecting plaintiffs' dates of hire/separation, job descriptions, and work assignments, as well as records reflecting the names of employees and inmates who have had COVID-19, when they had COVID-19, and their locations in the Institution during that time of infection and potential infection.

219.  Pursuant to the Back Pay Act, 5 U.S.C. § 5596, plaintiffs are entitled to recover interest on their back pay damages for the defendant's failure to pay them hazardous duty pay.

220.  Plaintiffs are also entitled to recover attorneys' fees and costs under the Back Pay Act, 5 U.S.C. § 5596, as well as other applicable laws and regulations.

221.  Pursuant to the Back Pay Act, 5 U.S.C. § 5596, plaintiffs are entitled to recover interest on their back pay damages for the defendant's failure to pay them hazardous duty pay.

222.  Plaintiffs are also entitled to recover attorneys' fees and costs under the Back Pay Act, 5 U.S.C. § 5596, as well as other applicable laws and regulations.

223.  As a result of plaintiffs' performance of their official duties in close proximity to COVID-19 on objects, surfaces, and/or individuals infected with COVID-19, as alleged herein, plaintiffs have been exposed to "virulent biologicals" within the meaning of Subpart I of Part 550 of Title 5, Code of Federal Regulations, and hazardous micro-organisms within the meaning of Subpart E of Part 532 of Title 5, Code of Federal Regulations.

224.  Moreover, as a result of the Bureau's handling of the crisis, employees' duties were changed in an irregular manner which put the employees at even greater risk of contact with COVID-19.

225.  Defendant has not compensated plaintiffs with the hazardous duty pay differential for exposure to virulent biologicals as set forth in Appendix A to Subpart I of Part 550 of Title 5, Code of Federal Regulations, or the environmental differential for exposure to hazardous microorganisms set forth in Appendix A to Subpart E of Part 532 of Title 5, Code of Federal Regulations.  Accordingly, defendant has failed to provide hazardous duty and environmental differential pay to plaintiffs when they work with or in close proximity to COVID-19 on objects, surfaces, and/or individuals infected with COVID-19 as required by 5 U.S.C. § 5545(d) and 5 U.S.C. § 5343(c)(4).

226.  Because defendant has failed to pay plaintiffs hazardous duty pay and/or environmental pay differentials, defendant has not included such pay when calculating plaintiffs' regular rates of pay for purposes of calculating and paying overtime compensation under the FLSA.

227.  By the nature of the term, pandemics are not usual, and pandemic response is not a usual duty considered with the occupations of named Plaintiffs.

228.  The pandemic and the response to the pandemic caused the Plaintiffs to work in unusually severe working conditions including the long overtimes, risk of infection by the novel corona virus, inmate unrest due to high rates of inmate infections, and short staffing causing staff to work in unfamiliar positions.

229.  Each named employee was assigned to work and did perform work where they were under constant exposure to the novel corona virus.

**ENVIRONMENTAL DIFFERENTIAL PAY**

230.  Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 229 and including paragraph 229 of this Complaint.

231.  Plaintiffs Rusty Adams, Anglin, Austin, Baker, Frederick Brown, Shay Cockrell, Joseph Davis, Jr., Ronnie Davis, Evans, Fenderson, Gipson, Hall, Keiwan Harris, Herron, Xavier Jenkins, Jones, Karg, Lambert, Lewis, Little, Matos, Moore, Nabors, Orr, LaDavian Smith, Sparks, Robert Tennyson, Unruh, Jeffery Walker, Washington, Wheatley, and Williamson are all Wage Grade employees under  5 U.S.C. § 5341 *et seq.*, and its regulations in 5 C.F.R. § 532.101, *et seq.*

232.  Pursuant to 5 U.S.C. § 5343(c)(4), OPM has issued regulations regarding wage schedules and rates for prevailing rate employees which provide for environmental pay differentials for duty involving unusually severe working conditions or unusually severe hazards. See 5 C.F.R. § 532.511.

233.  The schedule of environmental differentials is contained in Appendix A to Subpart E of Part 532 of Title 5, Code of Federal Regulations.  See 5 C.F.R. § 532.511(d).

234.  The schedule of environmental differentials provides that agencies shall pay an eight percent (8%) environmental pay differential when employees perform work with or in close proximity to "micro-organisms which involves potential personal injury such as death, or temporary, partial or complete loss of faculties or ability to work due to acute, prolonged, or chronic disease" in situations where "the use of safety devices and equipment, medical prophylactic procedures such as vaccines and antiserums and other safety measures do not exist or have been developed but have not practically eliminated the potential for such personal injury" or a four percent (4%) environmental differential when employees perform work with or in close proximity to "micro-organisms in situations for which the nature of the work does not require the individual to be in direct contact with primary containers of organisms pathogenic for

man" where "the use of safety devices and equipment and other safety measures have not practically eliminated the potential for personal injury." 5 C.F.R. Pt. 532, Subpt. E., App. A.

235.  The regulations provide that "[a]n employee entitled to receive an environmental differential shall be paid an amount equal to the percentage rate authorized by the Office of Personnel Management for the category in which the working condition or hazard falls, multiplied by the rate for the second step of WG-10 for the appropriated fund employees and NA-10 for the nonappropriated fund employees on the current regular non-supervisory wage schedule for the wage area for which the differential pay is payable, counting one-half cent and over as a whole cent." 5 C.F.R. § 532.511(b)(1).

236.  An employee entitled to an environmental differential on the basis of hours in a pay status "shall be paid for all hours in a pay status on the day on which he/she is exposed to the situation." 5 C.F.R. § 532.511(b)(3).

237.  Since at least April of 2020, through the present and continuing and ongoing, plaintiffs paid pursuant to the prevailing rate pay system and other similarly situated prevailing rate employees have performed work with or in close proximity to the Novel Corona Virus, including, without limitation, work performed with or in close proximity to facilities, rooms, offices, workspaces, equipment, objects, surfaces, and/or individuals infected with the Virus without sufficient protective devices.

238.  The defendant is in exclusive possession of relevant personnel files, records, and information, including, but not limited to, plaintiffs' dates of hire/separation, job descriptions, and work assignments.

239.  Defendant also retains records reflecting the names of employees and inmates who have had COVID-19 which is a disease that occurs due to the infection of the Novel Corona

virus, when they had COVID-19 or potential/likely COVID-19 infection, and their locations in the Institution during that time.

240.  Each BOP facility has a daily roster of assignments for correctional workers, from which their location and movements throughout the day can be shown, as well as records reflecting the location and COVID-19 status of inmates at the Institution.

241.  These records, as well as other evidence in the defendant's exclusive custody and control, will readily demonstrate plaintiffs' close proximity to the virulent biological COVID-19.

242.  Defendant has failed, and continues to fail, to pay plaintiffs the eight or four percent environmental differential listed in Appendix A to Subpart E or Part 532 of Title 5, Code of Federal Regulations for each period when they have been exposed to COVID-19 through the performance of their official duties.

243.  By failing to pay plaintiffs the eight or four percent environmental differential on these occasions, and continuing to fail and refuse to pay plaintiffs for this hazardous duty, the defendant has violated, and continues to violate, the provisions of 5 U.S.C. § 5343(c)(4).

244.  As a consequence of defendant's failure to pay plaintiffs environmental differential pay, plaintiffs have been unlawfully deprived of environmental differential pay and other relief.

245.  As a result of the defendant's willful and purposeful violations of Title 5, there has become due and owing to each plaintiff various amounts which have not yet been precisely determined.

246.  Pursuant to the Back Pay Act, 5 U.S.C. § 5596, plaintiffs are entitled to recover interest on their back pay damages for the defendant's failure to pay them an environmental differential.

247.  Plaintiffs are entitled to recover attorneys' fees and costs under the Back Pay Act, 5 U.S.C. § 5596, as well as other applicable laws and regulations.

## COUNT 3 - FLSA Regular Rate

248.  Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 247 and including paragraph 247 of this Complaint.

249.  Section 7(a) of the FLSA, 29 U.S.C. § 207(a), provides that overtime shall be paid to employees for work hours in excess of 40 hours in a week at the rate of one and one-half (1 ½) times an employee's "regular rate of pay."  In addition, Section 551.501 of the Code of Federal Regulations, 5 C.F.R. § 551.501, provides that federal agency employers, such as the Bureau of Prisons, shall compensate their employees at a rate of not less than one and one-half (1 ½) times the employees' regular rate of pay for all hours of work in excess of eight (8) in a day and/or forty (40) in a work week.

250.  At all times relevant herein, during the work weeks in which plaintiffs have worked in excess of forty (40) hours in a week and/or eight (8) hours in a day and have been paid overtime pay for such work, defendant has failed to properly calculate the "regular rate of pay" used to calculate FLSA overtime pay.

251.  Defendant has violated the FLSA by failing to include hazardous duty pay and environmental pay differential payments owed to plaintiffs as set forth in Courts 1 and 2 above, in the regular rate of pay at which FLSA overtime is paid.

252.  The FLSA claim in this case is limited exclusively to the improper calculation of the regular rate of pay used by the defendant when it paid FLSA overtime pay to plaintiffs caused by the failure of the defendant to include hazardous duty and/or environmental pay differential payments, to which plaintiffs have been and continue to be entitled as explained by paragraphs 1- herein.

253.  By failing to properly calculate the regular rate of pay for plaintiffs and other employees similarly situated as required under law, defendants has violated, and is continuing to violate in a willful and intentional manner, the provisions of the FLSA.  Therefore, at all times relevant herein, plaintiffs have been unlawfully deprived of overtime compensation and other relief for the maximum statutory period allowed under federal law.

254.  As a result of the defendant's willful and purposeful violations of Title 5, there has become due and owing to each plaintiff various amounts which have not yet been precisely determined.  The employment and work records, including each plaintiff's daily assignments within the Institution, are in the exclusive possession, custody and control of defendant and its public agencies, and plaintiffs are unable to state at this time the exact amounts owing to each of them.

255.  Pursuant to 29 U.S.C. § 216(b), plaintiffs are entitled to recover liquidated damages in an amount equal to their back pay damages for defendant's failure to pay overtime compensation at the correct rate on the occasions when defendant paid plaintiffs for overtime work.

256.  Pursuant to the Back Pay Act, 5 U.S.C. § 5596, plaintiffs are entitled to recover interest on their back pay damages for defendant's failure to pay them overtime compensation at the correct rate on the occasions when defendant paid plaintiffs for overtime work.

257.  Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b), and the Back Pay Act, 5 U.S.C. § 5596, as well as other applicable laws and regulations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that this Court:

(a)  Enter judgment declaring that defendant has willfully and wrongfully violated its statutory obligations and deprived each of the plaintiffs of their rights;

(b)  Order a complete and accurate accounting of all the compensation to which plaintiffs are entitled;

(c)  Award each plaintiff monetary damages, plus interest;

(d)  Award each plaintiff liquidated damages equal to the backpay awarded on their FLSA regular rate violation claims;

(e)  Award plaintiffs their reasonable attorneys' fees to be paid by the defendant, and the costs and disbursements of this action; and

(f)  Grant such other relief as may be just and proper.


Respectfully submitted by:

WHITEHEAD LAW FIRM


November 3, 2022                              ___/s/ Jack K. Whitehead, Jr._____
                                             JACK K. WHITEHEAD, JR.. #17863
                                             11909 Bricksome Avenue, Suite W-3
                                             Baton Rouge, Louisiana  70816
                                             Telephone: (225) 303-8600
                                             Fax: (225) 303-0013
                                             teamwhitehead@whitehead-law.com
                                             *Attorney for Plaintiffs*


                                             _____/s/  John-Ed L. Bishop_____
                                             JOHN-ED L. BISHOP #31622
                                             11909 Bricksome Avenue, Suite W-3
                                             Baton Rouge, Louisiana  70816
                                             Telephone: (225) 303-8600
                                             Fax: (225) 303-0013
                                             teamwhitehead@whitehead-law.com
                                             *Of Counsel for Plaintiffs*